IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JERRY MICHAEL PUCKETT, <br> ANDREW JOSEPH PUCKETT, AND <br> G.R.P., A MINOR CHILD, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNICOI COUNTY, TENNESSEE, <br> CITY OF ERWIN, TENNESSEE <br> MICHAEL HENSLEY, <br> JONATHAN "FRANK" ROGERS, <br> TONY BUCHANAN, AND <br> JOHN AND JANE DOES NO. 1-10 <br><br> *Defendants.* | ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] | NO. 2:23-cv-00123-DCLC-CRW <br><br> JURY TRIAL REQUESTED |

**ANSWER OF THE TOWN OF ERWIN, TENNESSEE,
AND ERWIN POLICE CAPTAIN TONY BUCHANAN
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW the Defendants Town of Erwin, Tennessee ("Town" or "Erwin"), and Erwin Police Captain Tony Buchanan ("Buchanan" or "Captain Buchanan") (collectively, "Erwin Defendants"), to respond to the *Plaintiffs' First Amended Complaint* filed against them and would answer as follows:

<u>FIRST DEFENSE</u>

Relative to the Plaintiffs' claims brought against the Erwin Defendants pursuant to 42 U.S.C. §§ 1983, 1985, 112132, and 12203, including the Plaintiffs' Title II claims, the *First Amended Complaint* fails to state a claim upon which relief can be granted pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

1

## SECOND DEFENSE

Relative to the Plaintiffs' claims brought against the Erwin Defendants under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the *First Amended Complaint* fails to state a claim upon which relief can be granted pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

## THIRD DEFENSE

Relative to the Plaintiffs' claims of malicious prosecution brought against the Erwin Defendants, the Erwin Defendants affirmatively assert the existence of probable cause for each of the prosecutions mentioned in the *First Amended Complaint*.

## FOURTH DEFENSE

Relative to the Plaintiffs' claims brought pursuant to 42 U.S.C. §§ 12203, 1985, and 1983, including the Plaintiffs' Title II claims and claims under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, against Captain Buchanan, Buchanan is entitled to qualified immunity as to each claim inasmuch as there was no constitutional violation and, alternatively, there is no clearly established law that would have placed every reasonable police captain on notice that s/he was violating a constitutional right.

## FIFTH DEFENSE / ANSWER

1-3. Denied.

### I. PARTIES

4-6. The Erwin Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraphs four (4) through six (6) of the *First Amended Complaint*.

7. The allegations contained in paragraph seven (7) of the *First Amended Complaint* are not directed towards these responding Defendants. These responding Defendants are without sufficient knowledge or information to admit or deny these allegations directed towards other defendants.

8. Admitted.

9-10. The allegations contained in paragraph nine (9) of the *First Amended Complaint* are not directed towards these responding Defendants. These responding Defendants are without sufficient knowledge or information to admit or deny these allegations directed towards other defendants.

11. Admitted.

12. Denied.

## II. JURISDICTION AND VENUE

13. Jurisdiction of this Court is admitted as to the Erwin Defendants. It is noted that the Plaintiffs are asserting causes of action under the cited authority. The remaining allegations in paragraph thirteen (13) not directed towards these responding Defendants cannot be admitted or denied due to a lack of sufficient knowledge or information.

14-15. Jurisdiction of this Court is admitted as to the Erwin Defendants. The remaining allegations in paragraphs fourteen (14) and fifteen (15) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information.

16. Venue of this Court is admitted as to the Erwin Defendants. The remaining allegations in paragraph sixteen (16) not directed towards these responding Defendants cannot be admitted or denied due to a lack of sufficient knowledge or information.

## III. FACTUAL ALLEGATIONS

17-30. The Erwin Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraphs seventeen (17) through thirty (30) of the *First Amended Complaint*.

31-37. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

38. Denied as to these responding Defendants, except that it is admitted Andrew Puckett was lawfully arrested by the Town of Erwin Police Department for possession of a hoax device pursuant to Tennessee Code Annotated § 39-17-1302. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

39. Denied as to these responding Defendants, except that it is admitted Jerry Puckett brought Andrew Puckett to the Erwin Police Department for questioning and that, as seen on video, Jerry Puckett is present with Andrew Puckett during questioning. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

40-42. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

43-44. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

45. The allegations in paragraph forty-five (45) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information. To the extent any allegations in paragraph forty-five (45) are directed towards the Erwin Defendants, such are denied.

46. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

47-67. The allegations in paragraphs forty-seven (47) through sixty-seven (67) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information. To the extent any allegations in these paragraphs are directed towards the Erwin Defendants, such are denied.

### IV. ASSERTED CAUSES OF ACTION

68. It is noted that the Plaintiff, Andrew Puckett, is asserting a cause of action under the cited authority. Any remaining allegation in paragraph sixty-eight (68) of the *First Amended Complaint* directed towards these responding Defendants is denied. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

69. The allegations contained in paragraph sixty-nine (69) of the *First Amended Complaint* assert a statement of law to which no response is required. To the extent a response may be required, it is denied as to these responding Defendants. With respect to any allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

70. The Erwin Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph seventy (70) of the *First Amended Complaint*.

71. Admitted in part, denied in part. Admitted as to these responding Defendants that Erwin provides, among other things, law enforcement services within its jurisdiction. The allegations directed to Unicoi County are not directed towards these responding Defendants and therefore cannot be admitted or denied due to a lack of sufficient knowledge or information. The remaining allegations in paragraph seventy-one (71) directed toward these responding Defendants are denied.

72-73. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

74. It is noted that the Plaintiffs are asserting causes of action under the cited authority. Any remaining allegation in paragraph seventy-four (74) directed towards these responding Defendants is denied. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

75. The allegations contained in paragraph seventy-five (75) of the *First Amended Complaint* assert a statement of law to which no response is required. To the extent a response may be required, it is denied as to these responding Defendants. With respect to any allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

76-80. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

81. It is noted that the Plaintiffs are asserting causes of action under the cited authority. Any remaining allegation in paragraph eighty-one (81) of the *First Amended Complaint* directed towards these responding Defendants is denied. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

82-85. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

86. It is noted that the Plaintiff, Andrew Puckett, is asserting a cause of action under the cited authority. Any remaining allegation in paragraph eighty-six (86) of the *First Amended Complaint* directed towards these responding Defendants is denied. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

87. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

88-89. The allegations in paragraphs eighty-eight (88) and eighty-nine (89) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information. To the extent any allegations in these paragraphs are directed towards the Erwin Defendants, such are denied.

90. Admitted that Captain Buchanan was at all times material acting under color of law and within the course and scope of his employment with the Town of Erwin, Tennessee. The remaining allegations in paragraph ninety (90) are denied.

91. Denied.

92. The allegations in paragraph ninety-two (92) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information. To the extent any allegations in these paragraphs are directed towards the Erwin Defendants, such are denied.

93. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

94. It is noted that the Plaintiff, Jerry Puckett, is asserting a cause of action under the cited authority. Any remaining allegation in paragraph ninety-four (94) of the *First Amended Complaint* directed towards these responding Defendants is denied. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

95. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

96-97. The allegations in paragraph ninety-six (96) and ninety-seven (97) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information. To the extent any allegations in these paragraphs are directed towards the Erwin Defendants, such are denied.

98. Admitted that Captain Buchanan was at all times material acting under color of law and within the course and scope of his employment with the Town of Erwin, Tennessee. The remaining allegations in paragraph ninety-eight (98) are denied.

99. Denied.

100. The allegations in paragraph one hundred (100) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information. To the extent any allegations in these paragraphs are directed towards the Erwin Defendants, such are denied.

101. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

102. It is noted that the Plaintiff, George Puckett, is asserting a cause of action under the cited authority. Any remaining allegation in paragraph one hundred and two (102) of the *First Amended Complaint* directed towards these responding Defendants is denied. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

103. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

104-105. The allegations in paragraphs one hundred and four (104) and one hundred and five (105) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information. To the extent any allegations in these paragraphs are directed towards the Erwin Defendants, such are denied.

106. Admitted that Captain Buchanan was at all times material acting under color of law and within the course and scope of his employment with the Town of Erwin, Tennessee. The remaining allegations in paragraph one hundred and six (106) are denied.

107. Denied.

108. The allegations in paragraph one hundred and eight (108) are not directed towards these responding Defendants and cannot be admitted or denied due to a lack of sufficient knowledge or information. To the extent any allegations in these paragraphs are directed towards the Erwin Defendants, such are denied.

109. Denied as to these responding Defendants. With respect to the allegations directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

110-113. Denied as to these responding Defendants that the Plaintiffs are entitled to the relief requested in paragraphs one hundred and ten (110) through one hundred and thirteen (113) of the *First Amended Complaint*. With respect to the claims and relief directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

## V. REQUEST FOR JURY TRIAL

114. It is noted that the Plaintiffs are each seeking a jury for claims that may properly be tried before a jury.

## VI. PRAYER FOR RELIEF

115. Denied as to these responding Defendants. With respect to the claims and relief directed to other defendants, these responding Defendants cannot admit or deny these allegations due to a lack of sufficient knowledge or information.

Now having fully responded to the allegations in the *First Amended Complaint*, the Erwin Defendants would assert a general denial to any allegation(s) not heretofore expressly admitted.

Respectfully submitted,

*s/Hunter S. Shepard*
Hunter S. Shepard, BPR # 037629
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: hunter@hbm-lawfirm.com

*Counsel to the Town of Erwin, Tennessee, and Erwin Police Captain Tony Buchanan*

## CERTIFICATE OF SERVICE

I certify that on January 15, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/Hunter S. Shepard*
Hunter S. Shepard, BPR # 037629