UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| JERRY MICHAEL PUCKETT, ANDREW JOSEPH PUCKETT, and GEORGE ROBERT PUCKETT, | ] ] ] ] |
| Plaintiffs, | ] No. 2:23-cv-00123-DCLC-CRW |
| v. | ] ] |
| UNICOI COUNTY, TENNESSEE, CITY OF ERWIN, TENNESSEE, MICHAEL HENSLEY, JONATHAN "FRANK" ROGERS, TONY BUCHANAN, and JOHN and JANE DOES NO. 1-10, | ] ] ] ] ] ] |
| Defendants. | ] |

ANSWER OF UNICOI COUNTY, TENNESSEE,
MICHAEL HENSLEY, AND JONATHAN "FRANK" ROGERS
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

The defendants, Unicoi County, Tennessee, Michael Hensley, and Jonathan "Frank" Rogers, make the following Answer to plaintiffs' First Amended Complaint ("Complaint") and would show unto the Court as follows:

1. These defendants deny the allegations of paragraph 1 of the Complaint to the extent that those allegations are addressed to them.

2. These defendants deny the allegations of paragraph 2 of the Complaint to the extent that those allegations are addressed to them.

3. These defendants deny the allegations of paragraph 3 of the Complaint to the extent that those allegations are addressed to them.

4. On information and belief, these defendants admit the allegations of paragraph 4 of the Complaint.

5. On information and belief, these defendants admit the allegations of paragraph 5 of the Complaint.

6. On information and belief, these defendants admit the allegations of paragraph 6 of the Complaint.

7. These defendants admit the allegations of paragraph 7 of the Complaint.

8. The allegations of paragraph 8 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

9. These defendants admit the allegations of paragraph 9 of the Complaint.

10. These defendants deny the allegations of the first sentence of paragraph 10 of the Complaint inasmuch as some of the time period referenced includes time where defendant Rogers was working as an investigator in the District Attorney's Office. These defendants admit the remaining allegations of paragraph 10 of the Complaint.

11. The allegations of paragraph 11 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

12. The allegations of paragraph 12 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants. These defendants generally deny that any current or former employee of the defendant, Unicoi County, conspired to deny any rights to the plaintiffs.

13. In answer to paragraph 13 of the Complaint, these defendants do not dispute that the Court has subject matter jurisdiction but deny that the plaintiffs have any valid cause of action against these defendants.

14. In answer to paragraph 14 of the Complaint, these defendants do not dispute that the Court has personal jurisdiction over these defendants.

15. In answer to paragraph 15 of the Complaint, these defendants do not dispute that the Court has jurisdiction to hear this matter as to these defendants.

16. In answer to paragraph 16 of the Complaint, these defendants do not dispute venue.

17. In answer to paragraph 17 of the Complaint, these defendants admit, on information and belief, that Andrew Puckett has mental health conditions that have required him to be institutionalized or provided with mental health treatment. These defendants lack sufficient information to admit the further details relating to those conditions as alleged in paragraph 17 of the Complaint.

18. These defendants lack sufficient information to admit or deny the allegations of paragraph 18 of the Complaint.

19. These defendants lack sufficient information to admit or deny the allegations of paragraph 19 of the Complaint.

20. These defendants lack sufficient information to admit or deny the allegations of paragraph 20 of the Complaint.

21. These defendants lack sufficient information to admit or deny the allegations of paragraph 21 of the Complaint.

22. These defendants lack sufficient information to admit or deny the allegations of paragraph 22 of the Complaint.

23. These defendants lack sufficient information to admit or deny the allegations of paragraph 23 of the Complaint.

24. These defendants lack sufficient information to admit or deny the allegations of paragraph 24 of the Complaint.

25. On information and belief, these defendants admit that Jerry Puckett and Andrew Puckett live on opposite sides of Flag Pond Road and that the property is close to the Cherokee National Forest. These defendants lack sufficient information to admit or deny the remaining allegations of paragraph 25 of the Complaint.

26. These defendants lack sufficient information to admit or deny the allegations of paragraph 26 of the Complaint.

27. These defendants lack sufficient information to admit or deny the allegations of the first and second sentences of paragraph 27 of the Complaint, but deny the allegations of the last sentence of paragraph 27 of the Complaint.

28. These defendants lack sufficient information to admit or deny the allegations of paragraph 28 of the Complaint.

29. In answer to paragraph 29 of the Complaint, it is admitted, on information and belief, that Jerry Puckett operated a hostel for hikers for some period of time. These defendants lack sufficient information to admit or deny the remaining allegations of paragraph 29 of the Complaint.

30. These defendants lack sufficient information to admit or deny the allegations of paragraph 30 of the Complaint.

31. On information and belief, these defendants admit the first sentence of paragraph 31 of the Complaint. These defendants deny the remaining allegations of paragraph 31 of the Complaint to the extent addressed to these defendants.

32. These defendants deny the allegations of paragraph 32 of the Complaint and further assert that the Judge would not be the same Judge for the Erwin Municipal Court and the Unicoi County General Sessions Court. Furthermore, the First Judicial District Attorney's Office did not

handle prosecutions in the Erwin Municipal Court.

33. These defendants deny the allegations of paragraph 33 of the Complaint to the extent that those allegations are addressed to them.

34. These defendants deny the allegations of the first sentence of paragraph 34 of the Complaint to the extent that those allegations are addressed to these defendants.

 a. These defendants lack sufficient information to admit or deny the allegations of paragraph 34a of the Complaint.

 b. These defendants deny the allegations of paragraph 34b of the Complaint as stated and assert that plaintiffs' allegations violate Rule 11 of the Federal Rules of Civil Procedure and have no factual evidentiary support. These defendants assert that Andrew Puckett was arrested on October 3, 2013 by a Unicoi County deputy and charged with domestic violence assault as a result of Jerry Puckett reporting that Andrew Puckett had hit him in the head. Jerry Puckett provided a written statement in support of those allegations. Attached as **Exhibit A** are copies of the public records involving the incident and arrest, including the Incident Report, the Statement by Jerry Puckett, and the Affidavit of Complaint, and Arrest Warrant.

 c. These defendants deny the allegations of paragraph 34c of the Complaint as stated and assert that those allegations violate Rule 11 of the Federal Rules of Civil Procedure. These defendants assert that Andrew Puckett was arrested on March 27, 2014 pursuant to a Bench Warrant issued by the General Sessions Court Judge for failure to appear. Attached as **Exhibit B** are copies of the Incident Report and the Capias Bench Warrant which are public records.

 d. These defendants deny the allegations of paragraph 34d of the Complaint as stated and assert that those allegations, once again, violate Rule 11 of the Federal Rules of Civil Procedure.

These defendants assert that Andrew Puckett was arrested on May 29, 2015 and charged with domestic aggravated assault after Jerry Puckett called 911 and then advised the responding deputy that Andrew Puckett was off his medicine, had gotten into an argument with him, and then threatened him with a hammer. Andrew Puckett further admitted to having a hammer and making threats against his brother when he was confronted by deputies. Attached as **Exhibit C** are copies of the Incident Report, Affidavit of Complaint, and Arrest Warrant relating to that arrest. These defendants lack sufficient information to admit or deny any allegations concerning what a prosecutor allegedly told plaintiffs about the criminal charge.

    e. These defendants deny the allegations of paragraph 34e of the Complaint as stated and assert that those allegations also violate Rule 11 of the Federal Rules of Civil Procedure. These defendants assert that Andrew Puckett was arrested on August 18, 2015 by a Unicoi County deputy and charged with vandalism under $500 after a citizen reported that Andrew Puckett was walking on the road, that the citizen passed him while driving in his vehicle, and that Andrew Puckett then threw a hard object at the truck causing damage to the vehicle. Attached as **Exhibit D** are copies of the Incident Report, Affidavit of Complaint, and Arrest Warrant relating to that arrest.

    f. These defendants deny the allegations of paragraph 34f of the Complaint as stated and assert that those allegations again violate Rule 11 of the Federal Rules of Civil Procedure. These defendants admit that Andrew Puckett was issued a citation for aggravated criminal littering on July 21, 2016 as a result of litter, including a toilet and a bathtub, being placed in the creek adjacent to "Hiker's Paradise" on Rector Laurel after Andrew Puckett was questioned about the items and advised Chief Deputy Rogers that they were trash from a remodel job. Attached as **Exhibit E** is the Tennessee Multiple Offense Citation.

35. These defendants lack sufficient information to admit or deny the allegations of paragraph 35 of the Complaint with respect to the plaintiffs' alleged interaction with the District Attorney's Office.

36. These defendants lack sufficient information to admit or deny the allegations of paragraph 36 of the Complaint.

37. These defendants deny the allegations of paragraph 37 of the Complaint to the extent that they are addressed to these defendants.

38. These defendants deny the allegations of the first sentence of paragraph 38 of the Complaint.

a. These defendants deny the allegations of paragraph 38a of the Complaint as stated and assert that those allegations violate Rule 11 of the Federal Rules of Civil Procedure. These defendants assert that Andrew Puckett was charged on December 17, 2016 by Citation for vandalism after a citizen reported that Andrew Puckett threw rocks at his car when driving past where Andrew Puckett lived and positively identified Andrew Puckett as the offender. The victim provided a written statement. Attached as **Exhibit F** are copies of the Incident Report, Victim Statement, Affidavit of Complaint, and related documentation.

b. These defendants deny the allegations of paragraph 38b of the Complaint as stated and assert that those allegations again violate Rule 11 of the Federal Rules of Civil Procedure. These defendants assert that a Criminal Summons was issued for Andrew Puckett on May 12, 2017 and served on him as a result of citizens reporting that Andrew Puckett had entered and remained on their property after being warned not to be on the property causing the citizens to fear for their safety and property. Attached as **Exhibit G** are copies of the Affidavit of Complaint and Criminal Summons.

c. These defendants deny the allegations of paragraph 38c of the Complaint as stated and assert that those allegations violate Rule 11 of the Federal Rules of Civil Procedure. These defendants assert that Andrew Puckett was arrested on February 11, 2019 for domestic assault on his mother, Nancy Puckett, after Nancy Puckett reported that Andrew Puckett hit her in the head, Andrew Puckett admitted to hitting her in the head, and the information was confirmed by an independent cashier. The arresting deputy observed a small mark on the right side of Nancy Puckett's head. Attached as **Exhibit H** are copies of the Incident Report, Affidavit of Complaint, and Arrest Warrant.

d. These defendants lack sufficient information to admit or deny the allegations of paragraph 38d of the Complaint.

39. These defendants lack sufficient information to admit or deny the allegations of paragraph 39 of the Complaint.

40. These defendants deny the allegations of paragraph 40 of the Complaint to the extent that those allegations are addressed to these defendants.

41. These defendants deny the allegations of paragraph 41 of the Complaint.

42. These defendants deny the allegations of paragraph 42 of the Complaint.

43. On information and belief, these defendants admit that Jerry Puckett has appeared with Andrew Puckett at court hearings. These defendants lack sufficient information to admit or deny the allegations regarding Jerry Puckett's full legal rights and responsibilities as to Andrew Puckett. These defendants deny the remaining allegations of paragraph 43 of the Complaint to the extent that those allegations are addressed to them.

44. These defendants deny the allegations of paragraph 44 of the Complaint.

45. These defendants deny the allegations of paragraph 45 of the Complaint as stated. These defendants admit that Jerry Puckett was arrested after an altercation with Claude Hensley, who is unrelated to Sheriff Mike Hensley. These defendants admit that both men utilized firearms during the altercation and both were subsequently arrested. On information and belief, these defendants assert that the charges against both men were dismissed by the Judge, that the men were instructed to stay away from each other, and that Jerry Puckett was permitted to recover his firearm which was returned to him.

46. These defendants deny the allegations of paragraph 46 of the Complaint.

47. In answer to paragraph 47 of the Complaint, these defendants admit that George Puckett accompanied Jerry Puckett to court on September 8, 2020, that defendant Rogers, who was also in the courtroom, saw George Puckett and believed that he might be the person that had previously fled from law enforcement, including Sheriff Hensley, and that defendant Rogers contacted Sheriff Hensley to come identify the person. These defendants deny any allegations of paragraph 47 of the Complaint inconsistent with the foregoing.

48. These defendants deny the allegations of paragraph 48 of the Complaint as stated, but admit that George Puckett was arrested after Sheriff Hensley arrived at the courthouse and confirmed that George Puckett was the individual who had previously fled from a crime scene. It is further admitted that Jerry Puckett was not given a "receipt" inasmuch as no receipt is provided for any arrest.

49. In answer to paragraph 49 of the Complaint, it is admitted that defendant Rogers completed a delinquency petition and that an Order of Detention was issued by the Judge. These defendants lack sufficient information to admit or deny what paperwork George Puckett and Jerry

9

Puckett requested or received.

50. These defendants deny the allegations of paragraph 50 of the Complaint.

51. These defendants deny the allegations of paragraph 51 of the Complaint as stated and assert that George Puckett was properly charged with criminal offenses after he operated an ATV belonging to another person on a public road, wrecked the ATV causing property damage, fled from the scene and from the Sheriff and deputy who arrived on the scene.

52. These defendants admit the allegations of paragraph 52 of the Complaint except to the extent that it alleges that the charges were brought without probable cause, and these defendants assert that probable cause was conclusively established by the Judge finding George Puckett guilty of the charges.

53. These defendants lack sufficient information to admit or deny the allegations of paragraph 53 of the Complaint.

54. These defendants lack sufficient information to admit or deny the allegations of paragraph 54 of the Complaint, but admit that defendant Rogers did submit an amended petition specifying the statutes that George Puckett had violated.

55. These defendants admit the allegations of the first sentence of paragraph 55 of the Complaint. These defendants deny the remaining allegations of paragraph 55 of the Complaint and assert that probable cause has been conclusively established through the guilty verdict.

56. These defendants, on information and belief, admit that the allegations of the first and second sentences of paragraph 56 of the Complaint. These defendants deny the allegations in paragraphs 56a, 56b, 56c, and 56d of the Complaint as stated.

57. In answer to paragraph 57 of the Complaint, these defendants admit that the Judge found

George Puckett guilty of all three criminal charges. These defendants deny the remaining allegations of paragraph 57 of the Complaint.

58. These defendants lack sufficient information to admit or deny the allegations of paragraph 58 of the Complaint.

59. These defendants lack sufficient information to admit or deny the allegations of paragraph 59 of the Complaint, but they deny any allegation of conspiracy directed toward these defendants.

60. These defendants lack sufficient information to admit or deny the allegations of paragraph 60 of the Complaint.

61. These defendants lack sufficient information to admit or deny the allegations of paragraph 61 of the Complaint.

62. These defendants lack sufficient information to admit or deny the allegations of paragraph 62 of the Complaint.

63. In answer to paragraph 63 of the Complaint, these defendants admit that Jerry Puckett was arrested pursuant to a Bench Warrant issued by Judge Manuel for contempt of court. These defendants deny the remaining allegations of paragraph 63 of the Complaint to the extent that those allegations are addressed to these defendants.

64. These defendants lack sufficient information to admit or deny the allegations of paragraph 64 of the Complaint.

65. The allegations of paragraph 65 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

66. These defendants lack sufficient information to admit or deny the allegations of

paragraph 66 of the Complaint.

67. These defendants deny the allegations of paragraph 67 of the Complaint to the extent that they assert that these defendants were engaged in any conspiracy with Judge Manuel.

68. In answer to paragraph 68 of the Complaint, these defendants deny that the plaintiff, Andrew Puckett, has any valid cause of action against them under Title II of the Americans With Disabilities Act.

69. In answer to paragraph 69 of the Complaint, these defendants admit that Unicoi County is a public entity but deny any violation of Title II of the Americans With Disabilities Act.

70. These defendants lack sufficient information to admit or deny the allegations of paragraph 70 of the Complaint.

71. These defendants admit that Unicoi County provides law enforcement services within its jurisdictional boundaries. These defendants deny the remaining allegations of paragraph 71 of the Complaint to the extent that those allegations are addressed to Unicoi County.

72. These defendants deny the allegations of paragraph 72 of the Complaint to the extent that they are addressed to Unicoi County.

73. These defendants deny the allegations of paragraph 73 of the Complaint to the extent that they are addressed to them.

74. In answer to paragraph 74 of the Complaint, these defendants deny that the plaintiffs, Jerry Puckett and George Puckett, have any basis for a claim for ADA retaliation.

75. These defendants deny that the plaintiffs have any basis for a claim based upon ADA retaliation as alleged in paragraph 75 of the Complaint.

76. These defendants deny the allegations of paragraph 76 of the Complaint.

77. These defendants deny the allegations of paragraph 77 of the Complaint to the extent addressed to them.

78. These defendants deny the allegations of paragraph 78 of the Complaint.

79. These defendants deny the allegations of paragraph 79 of the Complaint to the extent addressed to them.

80. These defendants deny the allegations of paragraph 80 of the Complaint to the extent addressed to them.

81. In answer to paragraph 81 of the Complaint, these defendants deny that the plaintiffs have any valid claim for conspiracy to violate civil rights in violation of 42 U.S.C. § 1985.

82. These defendants deny the allegations of paragraph 82 of the Complaint to the extent addressed to them.

83. These defendants deny the allegations of paragraph 83 of the Complaint to the extent addressed to them.

84. These defendants deny the allegations of paragraph 84 of the Complaint to the extent addressed to them.

85. These defendants deny the allegations of paragraph 85 of the Complaint to the extent addressed to them.

86. These defendants deny that Andrew Puckett has any valid cause of action against these defendants.

87. These defendants deny the allegations of paragraph 87 of the Complaint to the extent addressed to them and as addressed factually above.

88. In answer to paragraph 88 of the Complaint, these defendants admit that any action taken

by Sheriff Hensley as Sheriff of Unicoi County was in that capacity and was done under color of law. These defendants deny the remaining allegations of paragraph 88 of the Complaint and assert that Sheriff Hensley is entitled to qualified immunity inasmuch as he engaged in no action that violated any constitutional right of the plaintiffs, or, in the alternative, a reasonable sheriff in his position could have believed that his actions were not a violation of any of the plaintiffs' constitutional rights.

89. In answer to paragraph 89 of the Complaint, these defendants admit that any action taken by defendant Rogers, in his capacity as Chief Deputy, were under color of law. These defendants deny the remaining allegations of paragraph 89 of the Complaint and assert that defendant Rogers is entitled to qualified immunity inasmuch as he took no action that violated the constitutional rights of any of the plaintiffs, or a reasonable officer in his position could have believed that his actions were not violative of any constitutional right of the plaintiffs.

90. The allegations of paragraph 90 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

91. The allegations of paragraph 91 of the Complaint are not addressed to these defendants and fail to state a claim against these defendants.

92. These defendants deny the allegations of paragraph 92 of the Complaint.

93. These defendants deny the allegations of paragraph 93 of the Complaint to the extent addressed to them.

94. These defendants deny that the plaintiffs have any valid cause of action under 42 U.S.C. § 1983 against these defendants as alleged in paragraph 94 of the Complaint.

95. These defendants deny the allegations of paragraph 95 of the Complaint to the extent addressed to these defendants.

96. In answer to paragraph 96 of the Complaint, these defendants admit that Sheriff Hensley would have been acting in his capacity as Sheriff for any actions taken and would have been acting under color of law. These defendants deny the remaining allegations of the Complaint and assert that Sheriff Hensley is entitled to qualified immunity as set forth above.

97. In answer to paragraph 97 of the Complaint, these defendants admit that any actions taken by defendant Rogers in his capacity as Chief Deputy would have been under color of law. These defendants deny the remaining allegations of paragraph 97 of the Complaint and assert that defendant Rogers is entitled to qualified immunity as set forth above.

98. The allegations of paragraph 98 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

99. The allegations of paragraph 99 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

100. These defendants deny the allegations of paragraph 100 of the Complaint.

101. These defendants deny the allegations of paragraph 101 of the Complaint to the extent addressed to them.

102. In answer to paragraph 102 of the Complaint, these defendants deny that George Puckett has any valid cause of action pursuant to 42 U.S.C. § 1983 against these defendants.

103. These defendants deny the allegations of paragraph 103 of the Complaint to the extent addressed to them.

104. In answer to paragraph 104 of the Complaint, these defendants admit that Sheriff Hensley would have been acting in his capacity as Sheriff for any actions taken and would have been acting under color of law. These defendants deny the remaining allegations of paragraph 104 of the

Complaint and assert that Sheriff Hensley is entitled to qualified immunity as set forth above.

105. In answer to paragraph 105 of the Complaint, these defendants admit that any actions taken by defendant Rogers in his capacity as Chief Deputy would have been under color of law. These defendants deny the remaining allegations of paragraph 105 of the Complaint and assert that defendant Rogers is entitled to qualified immunity as set forth above.

106. The allegations of paragraph 106 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

107. The allegations of paragraph 107 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

108. These defendants deny the allegations of paragraph 108 of the Complaint.

109. These defendants deny the allegations of paragraph 109 of the Complaint to the extent addressed to these defendants.

110. In answer to paragraph 110 of the Complaint, these defendants deny that the plaintiffs are entitled to recover any damages.

111. In answer to paragraph 111 of the Complaint, these defendants deny that the plaintiffs are entitled to recover any damages.

112. In answer to paragraph 112 of the Complaint, these defendants deny that the plaintiffs are entitled to recover any damages.

113. In answer to paragraph 113 of the Complaint, these defendants deny that the plaintiffs are entitled to recover any damages.

114. In answer to paragraph 114 of the Complaint, these defendants also request a jury.

115. In answer to paragraph 115 of the Complaint, these defendants deny that the plaintiffs

are entitled to any of the relief sought.

116. These defendants deny any allegations of the Complaint which were not previously admitted, denied, or otherwise answered.

117. These defendants assert that the Complaint, in whole or in part, fails to state a claim against these defendants.

118. These defendants assert and rely upon the statute of limitations to the extent applicable to any of the plaintiffs' claims.

119. The defendant, Mike Hensley, in his individual capacity, asserts that he is entitled to qualified immunity. Sheriff Hensley did not violate any constitutional right of any of the plaintiffs under federal or state law. It is affirmatively denied that he engaged in any conspiracy to deprive the plaintiffs of any rights, that he instituted any criminal charges against the plaintiffs without probable cause or that he instructed any deputy to arrest or institute any criminal charge against the plaintiffs for any improper purpose. Alternatively, a reasonable sheriff in his position would not have believed that his actions violated any rights of the plaintiffs under clearly established law.

120. The defendant, Jonathan "Frank" Rogers, in his individual capacity, asserts that he is entitled to qualified immunity. Defendant Rogers did not violate any constitutional right of any of the plaintiffs under federal or state law. It is affirmatively denied that he engaged in any conspiracy to deprive the plaintiffs of any rights, that he instituted any criminal charges against the plaintiffs without probable cause, or that he instructed any deputy to arrest or institute any criminal charge against the plaintiffs for any improper purpose. Alternatively, a deputy in his position would not have believed that his actions violated any rights of the plaintiffs under clearly established law.

121. These defendants assert that the Complaint fails to state a claim against them, in whole

or in part, and as noted above, that multiple allegations in the Complaint violate Rule 11 of the Federal Rules of Civil Procedure inasmuch as plaintiffs were clearly aware of prior statements made by them in reports to law enforcement that contradict the allegations. These defendants assert that they should be entitled to recover appropriate sanctions for those Rule 11 violations.

122. Sheriff Hensley and Chief Deputy Rogers assert that they were acting at all times in their official capacity under color of law and were not acting in their individual capacities within the meaning of Tennessee Code Annotated § 29-20-113. To the extent applicable, these defendants assert that they are entitled to recover their attorney's fees pursuant to that statute.

123. These defendants assert that the claims against them are frivolous and that they should be entitled to recover their attorney's fees pursuant to 42 U.S.C. § 1988.

124. These defendants assert that claims made by George Puckett and Jerry Puckett, based upon the prosecution of George Puckett are barred as a result of issue and/or claim preclusion, since George Puckett was criminally convicted of the offenses he was charged with.

125. These defendants assert that the claims of George Puckett and Jerry Puckett, based upon the criminal prosecution of George Puckett, should be barred as a result of the *Heck* doctrine since George Puckett was criminally convicted of those charges and the conviction has not been set aside.

Having fully answered the Complaint, these defendants assert that the claims against them should be dismissed at the cost of the plaintiffs and that they should be entitled to recover their attorney's fees and any other relief to which they are entitled. In the alternative, these defendants request a trial by a jury. These defendants reserve the right to amend this Answer as consistent with the Federal Rules of Civil Procedure and the Orders of this Court.

Respectfully submitted,

*s/ Jeffrey M. Ward*
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com

Attorney for Defendants, Unicoi County, Tennessee, Michael Hensley, and Jonathan "Frank" Rogers