UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| JERRY MICHAEL PUCKETT, | ] | |
| ANDREW JOSEPH PUCKETT, and | ] | |
| GEORGE ROBERT PUCKETT, | ] | |
| | ] | |
| Plaintiffs, | ] | No. 2:23-cv-00123-DCLC-CRW |
| | ] | |
| v. | ] | |
| | ] | |
| UNICOI COUNTY, TENNESSEE, CITY | ] | |
| OF ERWIN, TENNESSEE, MICHAEL | ] | |
| HENSLEY, JONATHAN "FRANK" | ] | |
| ROGERS, TONY BUCHANAN, | ] | |
| RON ARNOLD, CHAD RICKER, | ] | |
| ANTHONY BUCKNER, CLAUDE | ] | |
| HENSLEY, BRIAN TRESSLER, | ] | |
| ROBERT BULLINGTON, | ] | |
| R. MITCHELL MANUEL, and | ] | |
| JOHN and JANE DOES NO. 1-10, | ] | |
| | ] | |
| Defendants. | ] | |

ANSWER OF UNICOI COUNTY, TENNESSEE, MICHAEL HENSLEY,
JONATHAN "FRANK" ROGERS AND CHAD RICKER
TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

The defendants, Unicoi County, Tennessee, Michael Hensley, Jonathan "Frank" Rogers, and

Chad Ricker, make the following Answer to plaintiffs' Fourth Amended Complaint ("Complaint")

and would show unto the Court as follows:

1. These defendants deny the allegations of paragraph 1 of the Complaint to the extent that

those allegations are addressed to them.

2. These defendants deny the allegations of paragraph 2 of the Complaint to the extent that

those allegations are addressed to them.

3. These defendants deny the allegations of paragraph 3 of the Complaint to the extent that

those allegations are addressed to them.

4.  On information and belief, these defendants admit the allegations of paragraph 4 of the Complaint.

5.  On information and belief, these defendants admit the allegations of paragraph 5 of the Complaint.

6.  On information and belief, these defendants admit the allegations of paragraph 6 of the Complaint.

7.  These defendants admit the allegations of paragraph 7 of the Complaint.

8.  The allegations of paragraph 8 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

9.  These defendants admit the allegations of paragraph 9 of the Complaint.

10.  These defendants deny the allegations of the first sentence of paragraph 10 of the Complaint inasmuch as some of the time period referenced includes time where defendant Rogers was working as an investigator in the District Attorney's Office.  These defendants admit the remaining allegations of paragraph 10 of the Complaint.

11.-12.  The allegations of paragraphs 11 and 12 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

13.  These defendants admit the allegations of paragraph 13 of the Complaint.

14.-18.  The allegations of paragraphs 14 through 18 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

19.  The allegations of paragraph 19 of the Complaint do not require an answer.

20.  In answer to paragraph 20 of the Complaint, these defendants do not dispute that the

Court has subject matter jurisdiction but deny that the plaintiffs have any valid cause of action against these defendants. These defendants deny that the Court should exercise supplement jurisdiction over any state law claims.

21. In answer to paragraph 21 of the Complaint, these defendants do not dispute that the Court has personal jurisdiction over these defendants.

22. In answer to paragraph 22 of the Complaint, these defendants do not dispute that the Court has jurisdiction to hear this matter as to these defendants.

23. In answer to paragraph 23 of the Complaint, these defendants do not dispute venue.

24. In answer to paragraph 24 of the Complaint, these defendants admit, on information and belief, that Andrew Puckett has mental health conditions that have required him to be institutionalized or provided with mental health treatment. These defendants lack sufficient information to admit the further details relating to those conditions as alleged in paragraph 24 of the Complaint.

25. These defendants lack sufficient information to admit or deny the allegations of paragraph 25 of the Complaint.

26. These defendants lack sufficient information to admit or deny the allegations of paragraph 26 of the Complaint.

27. These defendants lack sufficient information to admit or deny the allegations of paragraph 27 of the Complaint.

28. These defendants lack sufficient information to admit or deny the allegations of paragraph 28 of the Complaint.

29. These defendants lack sufficient information to admit or deny the allegations of

paragraph 29 of the Complaint.

30.   These defendants lack sufficient information to admit or deny the allegations of paragraph 30 of the Complaint.

31.   These defendants lack sufficient information to admit or deny the allegations of paragraph 31 of the Complaint.

32. On information and belief, these defendants admit that Jerry Puckett and Andrew Puckett live on opposite sides of Flag Pond Road and that the property is close to the Cherokee National Forest.  These defendants lack sufficient information to admit or deny the remaining allegations of paragraph 32 of the Complaint.

33.   These defendants lack sufficient information to admit or deny the allegations of paragraph 33 of the Complaint.

34.   These defendants lack sufficient information to admit or deny the allegations paragraph 34 of the Complaint.

35.   These defendants lack sufficient information to admit or deny the allegations of paragraph 35 of the Complaint.

36.   In answer to paragraph 36 of the Complaint, it is admitted, on information and belief, that Jerry Puckett operated a hostel for hikers for some period of time.  These defendants lack sufficient information to admit or deny the remaining allegations of paragraph 36 of the Complaint.

37.   These defendants lack sufficient information to admit or deny the allegations of paragraph 37 of the Complaint.

38.   On information and belief, these defendants admit the first sentence of paragraph 38 of the Complaint.  These defendants deny the remaining allegations of paragraph 38 of the Complaint

to the extent addressed to these defendants.

39. These defendants deny the allegations of paragraph 39 of the Complaint and further assert that the Judge would not be the same Judge for the Erwin Municipal Court and the Unicoi County General Sessions Court. Furthermore, the First Judicial District Attorney's Office did not handle prosecutions in the Erwin Municipal Court.

40. These defendants deny the allegations of paragraph 40 of the Complaint to the extent that those allegations are addressed to them.

41. These defendants deny the allegations of the first sentence of paragraph 41 of the Complaint to the extent that those allegations are addressed to these defendants.

a. These defendants lack sufficient information to admit or deny the allegations of paragraph 41a of the Complaint.

b. In answer to paragraph 41b, these defendants assert that Andrew Puckett was arrested on October 3, 2013 by a Unicoi County deputy and charged with domestic violence assault as a result of Jerry Puckett reporting that Andrew Puckett had hit him in the head. Jerry Puckett provided a written statement in support of those allegations. Attached as **Exhibit A** are copies of the public records involving the incident and arrest, including the Incident Report, the Statement by Jerry Puckett, and the Affidavit of Complaint, and Arrest Warrant. These defendants lack sufficient information to admit or deny the remaining allegations of that paragraph.

c. In answer to paragraph 41c of the Complaint, these defendants assert that Andrew Puckett was arrested on March 27, 2014 pursuant to a Bench Warrant issued by the General Sessions Court Judge for failure to appear. Attached as **Exhibit B** are copies of the Incident Report and the Capias Bench Warrant which are public records. These defendants lack sufficient information to admit or

5

deny the remaining allegations of that paragraph.

d. In answer to paragraph 41d of the Complaint, these defendants assert that Andrew Puckett was arrested on May 29, 2015 and charged with domestic aggravated assault after Jerry Puckett called 911 and then advised the responding deputy that Andrew Puckett was off his medicine, had gotten into an argument with him, and then threatened him with a hammer. Andrew Puckett further admitted to having a hammer and making threats against his brother when he was confronted by deputies. Attached as **Exhibit C** are copies of the Incident Report, Affidavit of Complaint, and Arrest Warrant relating to that arrest. These defendants lack sufficient information to admit or deny the remaining allegations of that paragraph.

e. In answer to paragraph 41e of the Complaint, these defendants assert that Andrew Puckett was arrested on August 18, 2015 by a Unicoi County deputy and charged with vandalism under $500 after a citizen reported that Andrew Puckett was walking on the road, that the citizen passed him while driving in his vehicle, and that Andrew Puckett then threw a hard object at the truck causing damage to the vehicle. Attached as **Exhibit D** are copies of the Incident Report, Affidavit of Complaint, and Arrest Warrant relating to that arrest. These defendants lack sufficient information to admit or deny the remaining allegations of that paragraph.

f. In answer to paragraph 41f of the Complaint, these defendants admit that Andrew Puckett was issued a citation for aggravated criminal littering on July 21, 2016 as a result of litter, including a toilet and a bathtub, being placed in the creek adjacent to "Hiker's Paradise" on Rector Laurel after Andrew Puckett was questioned about the items and advised Chief Deputy Rogers that they were trash from a remodel job. Attached as **Exhibit E** is the Tennessee Multiple Offense Citation. These defendants deny that the charges were without probable cause. These defendants lack sufficient

information to admit or deny the remaining allegations of that paragraph relating to the actions or knowledge of the prosecutor.

42.   These defendants lack sufficient information to admit or deny the allegations of paragraph 42 of the Complaint with respect to the plaintiffs' alleged interaction with the District Attorney's Office.

43.   These defendants lack sufficient information to admit or deny the allegations of paragraph 43 of the Complaint.

44.  These defendants deny the allegations of paragraph 44 of the Complaint to the extent that they are addressed to these defendants.

45.   These defendants deny the allegations of the first sentence of paragraph 45 of the Complaint.

a.  In answer paragraph 45a of the Complaint as stated and assert that those allegations violate Rule 11 of the Federal Rules of Civil Procedure.  These defendants assert that Andrew Puckett was charged on December 17, 2016 by Citation for vandalism after a citizen reported that Andrew Puckett threw rocks at his car when driving past where Andrew Puckett lived and positively identified Andrew Puckett as the offender.  The victim provided a written statement.  Attached as **Exhibit F** are copies of the Incident Report, Victim Statement, Affidavit of Complaint, and related documentation. The defendants deny that the charge was brought without probable cause and generally deny the plaintiff's version of the events on that date.  These defendants lack sufficient information to admit or deny the remaining allegations of that paragraph relating to the prosecutor's actions or knowledge.

46.  In answer to paragraph 46 of the Complaint, these defendants assert that a Criminal

Summons was issued for Andrew Puckett on May 12, 2017 and served on him as a result of citizens reporting that Andrew Puckett had entered and remained on their property after being warned not to be on the property causing the citizens to fear for their safety and property. Attached as **Exhibit G** are copies of the Affidavit of Complaint and Criminal Summons. These defendants lack sufficient information to admit or deny the allegations of that paragraph relating to the prosecutor's actions or knowledge. These defendants deny the remaining allegations.

a. These defendants deny the allegations of paragraph 46a of the Complaint as stated. These defendants assert that Andrew Puckett was arrested on February 11, 2019 for domestic assault on his mother, Nancy Puckett, after Nancy Puckett reported that Andrew Puckett hit her in the head, Andrew Puckett admitted to hitting her in the head, and the information was confirmed by an independent cashier. The arresting deputy observed a small mark on the right side of Nancy Puckett's head. Attached as **Exhibit H** are copies of the Incident Report, Affidavit of Complaint, and Arrest Warrant. These defendants lack sufficient information to admit or deny the remaining allegations of that paragraph relating to the prosecutor's actions or knowledge.

47. These defendants lack sufficient information to admit or deny the allegations of paragraph 47 of the Complaint.

48. These defendants lack sufficient information to admit or deny the allegations of paragraph 48 of the Complaint.

49. These defendants deny the allegations of paragraph 49 of the Complaint to the extent that those allegations are addressed to these defendants.

50. These defendants deny the allegations of paragraph 50 of the Complaint.

51. These defendants deny the allegations of paragraph 51 of the Complaint.

52. On information and belief, these defendants admit that Jerry Puckett has appeared with Andrew Puckett at court hearings. These defendants lack sufficient information to admit or deny the allegations regarding Jerry Puckett's full legal rights and responsibilities as to Andrew Puckett. These defendants deny the remaining allegations of paragraph 52 of the Complaint to the extent that those allegations are addressed to them.

53. These defendants deny the allegations of paragraph 53 of the Complaint.

54. These defendants deny the allegations of paragraph 54 of the Complaint as stated. These defendants admit that Jerry Puckett was arrested after an altercation with Claude Hensley, who is unrelated to Sheriff Mike Hensley. These defendants admit that both men utilized firearms during the altercation and both were subsequently arrested. On information and belief, these defendants assert that the charges against both men were dismissed by the Judge, that the men were instructed to stay away from each other, and that Jerry Puckett was permitted to recover his firearm which was returned to him.

55. These defendants deny the allegations of paragraph 55 of the Complaint.

56. In answer to paragraph 56 of the Complaint, these defendants admit that George Puckett accompanied Jerry Puckett to court on September 8, 2020, that defendant Rogers, who was also in the courtroom, saw George Puckett and believed that he might be the person that had previously fled from law enforcement, including Sheriff Hensley, and that defendant Rogers contacted Sheriff Hensley to come identify the person. These defendants deny any allegations of paragraph 47 of the Complaint inconsistent with the foregoing.

57. These defendants deny the allegations of paragraph 57 of the Complaint as stated, but admit that George Puckett was arrested after Sheriff Hensley arrived at the courthouse and confirmed

that George Puckett was the individual who had previously fled from a crime scene. It is further admitted that Jerry Puckett was not given a "receipt" inasmuch as no receipt is provided for any arrest.

58. In answer to paragraph 58 of the Complaint, it is admitted that defendant Rogers completed a delinquency petition and that an Order of Detention was issued by the Judge. These defendants lack sufficient information to admit or deny what paperwork George Puckett and Jerry Puckett requested or received.

59. These defendants deny the allegations of paragraph 59 of the Complaint.

60. These defendants deny the allegations of paragraph 60 of the Complaint as stated and assert that George Puckett was properly charged with criminal offenses after he operated an ATV belonging to another person on a public road, wrecked the ATV causing property damage, and fled from the scene and from the Sheriff and deputy who arrived on the scene.

61. These defendants admit the allegations of paragraph 61 of the Complaint except to the extent that it alleges that the charges were brought without probable cause, and these defendants assert that probable cause was conclusively established by the Judge finding George Puckett guilty of the charges.

62. These defendants lack sufficient information to admit or deny the allegations of paragraph 62 of the Complaint.

63. These defendants lack sufficient information to admit or deny the allegations of paragraph 63 of the Complaint, but admit that defendant Rogers did submit an amended petition specifying the statutes that George Puckett had violated.

64. These defendants admit the allegations of the first sentence of paragraph 64 of the

Complaint. These defendants deny the remaining allegations of paragraph 64 of the Complaint and assert that probable cause has been conclusively established through the guilty verdict.

65. These defendants, on information and belief, admit that the allegations of the first and second sentences of paragraph 65 of the Complaint. These defendants deny the allegations in paragraphs 65a-d of the Complaint as stated.

66. In answer to paragraph 66 of the Complaint, these defendants admit that the Judge found George Puckett guilty of all three criminal charges. These defendants deny the remaining allegations of paragraph 66 of the Complaint.

67. These defendants lack sufficient information to admit or deny the allegations of paragraph 67 of the Complaint.

68. These defendants lack sufficient information to admit or deny the allegations of paragraph 68 of the Complaint, but they deny any allegation of conspiracy directed toward these defendants.

69. These defendants lack sufficient information to admit or deny the allegations of paragraph 69 of the Complaint.

70. These defendants lack sufficient information to admit or deny the allegations of paragraph 70 of the Complaint.

71. These defendants lack sufficient information to admit or deny the allegations of paragraph 71 of the Complaint.

72. In answer to paragraph 72 of the Complaint, these defendants admit that Jerry Puckett was arrested pursuant to a Bench Warrant issued by Judge Manuel for contempt of court. These defendants deny the remaining allegations of paragraph 72 of the Complaint to the extent that those

allegations are addressed to these defendants.

73.  These defendants lack sufficient information to admit or deny the allegations of paragraph 73 of the Complaint.

74.  The allegations of paragraph 74 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

75.  These defendants lack sufficient information to admit or deny the allegations of paragraph 75 of the Complaint but admit that the plaintiffs' attorney has produced recordings obtained pursuant to subpoena, and these defendants assert that those recordings speak for themselves.

76.  These defendants deny the allegations of paragraph 76 of the Complaint to the extent that they assert that these defendants were engaged in any conspiracy with Judge Manuel.

77.  The allegations of paragraph 77 of the Complaint do not require an answer.

78.  These defendants deny the allegations of paragraph 78 of the Complaint as stated, but admit that these defendants were aware that Anthony Puckett had mental health issues that had required him to previously undergo mental health evaluations and treatment.

79.  In answer to paragraph 79 of the Complaint, these defendants lack sufficient information to admit or deny the plaintiffs' allegations relating to the specific medical treatment sought or received by Anthony Puckett and deny that they supplied information or documentation to Moccasin Bend relating to any such treatment other than any documentation that may have been provided from or to the jail medical staff at the Unicoi County Jail.

80.  In answer to paragraph 80 of the Complaint, these defendants admit on information and belief that Andrew Puckett was transported by a Unicoi County Deputy to Unicoi Memorial Hospital

for a mental health evaluation and treatment on or about January 8, 2014, that a Deputy stayed with him during the evaluation, and that a Deputy transported him to Woodridge Hospital at the direction of the hospital's medical providers. The remaining allegations of paragraph 80 of the Complaint are denied as stated.

81. These defendants lack sufficient information to admit or deny the plaintiffs allegations in paragraph 81 of the Complaint.

82. These defendants deny the allegations in paragraph 82 of the Complaint.

83. On information and belief, these defendants admit that Sheriff Hensley transported Andrew Puckett to Unicoi County Memorial Hospital on one occasion for a mental health evaluation and treatment and provided the medical providers with the information available to him. It is admitted that Sheriff Hensley would have provided his cell phone number to the medical provider for any questions or needs. It is denied that Sheriff Hensley was attempting to get Andrew Puckett committed or that he provided false information to the medical providers. The remaining allegations of paragraph 83 of the Complaint are generally denied.

84. These defendants lack sufficient information to admit or deny whether a Unicoi County Deputy transported Andrew Puckett to the hospital for mental health treatment in May of 2016 but admit that deputies had transported Andrew Puckett for such evaluations and treatment on multiple occasions.

85. In answer to paragraph 85 of the Complaint, these defendants admit that Claude Hensley fired a gun at Jerry Puckett and was criminally charged as a result of that event. These defendants generally deny the remaining allegations of paragraph 85 of the Complaint as stated.

86. In answer to paragraph 86 of the Complaint, these defendants admit that Sheriff Hensley

was present and involved in talking with the individuals present at the home of Claude Hensley in relation to the investigation into this shooting altercation, but generally deny the remaining allegations of paragraph 86 of the Complaint as stated.

87. These defendants deny the allegations of paragraph 87 of the Complaint.

88. These defendants deny the allegations of paragraph 88 of the Complaint.

89. The allegations of paragraph 89 of the Complaint are not addressed to these defendants but are nonetheless generally denied.

90. These defendants deny the allegations of paragraph 90 of the Complaint.

91. In answer to paragraph 91 of the Complaint, these defendants admit that Sheriff Hensley received a call from Brian Tressler on his cell phone about the accident involving damage to his property by a four wheeler. It is denied that Brian Tressler identified the driver of the four wheeler as George Puckett and the remaining allegations of paragraph 91 of the Complaint are generally denied.

92. These defendants deny the allegations of paragraph 92 of the Complaint that relate to alleged statements or actions of Sheriff Hensley. These defendants lack sufficient information to admit or deny the allegations relating to the actions of Tressler, Bullington, or George Puckett.

93. These defendants deny the allegations of paragraph 93 of the Complaint.

94. These defendants deny the allegations of paragraph 94 of the Complaint.

95-101. The allegations of paragraphs 95 through 101 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

102. In answer to paragraph 102 of the Complaint, these defendants deny that the plaintiff, Andrew Puckett, has any valid cause of action against them under Title II of the Americans With

Disabilities Act.

103.   In answer to paragraph 103 of the Complaint, these defendants admit that Unicoi County is a public entity but deny any violation of Title II of the Americans With Disabilities Act.

104.   These defendants lack sufficient information to admit or deny the allegations of paragraph 104 of the Complaint.

105.   These defendants admit that Unicoi County provides law enforcement services within its jurisdictional boundaries.  These defendants deny the remaining allegations of paragraph 105 of the Complaint to the extent that those allegations are addressed to Unicoi County.

106.   These defendants deny the allegations of paragraph 106 of the Complaint to the extent that they are addressed to Unicoi County.

107.   These defendants deny the allegations of paragraph 107 of the Complaint to the extent that they are addressed to them.

108.   In answer to paragraph 108 of the Complaint, these defendants deny that the plaintiffs, Jerry Puckett and George Puckett, have any basis for a claim for ADA retaliation.

109.   These defendants deny that the plaintiffs have any basis for a claim based upon ADA retaliation as alleged in paragraph 109 of the Complaint.

110.   These defendants deny the allegations of paragraph 110 of the Complaint.

111.   These defendants deny the allegations of paragraph 111 of the Complaint to the extent addressed to them.

112.   These defendants deny the allegations of paragraph 112 of the Complaint.

113.   These defendants deny the allegations of paragraph 113 of the Complaint to the extent addressed to them.

114.  These defendants deny the allegations of paragraph 114 of the Complaint to the extent addressed to them.

115.  In answer to paragraph 115 of the Complaint, these defendants deny that the plaintiffs have any valid claim for conspiracy to violate civil rights in violation of 42 U.S.C. § 1985.

116.  These defendants deny the allegations of paragraph 116 of the Complaint to the extent addressed to them.

117.  These defendants deny the allegations of paragraph 117 of the Complaint to the extent addressed to them.

118.  These defendants deny the allegations of paragraph 118 of the Complaint to the extent addressed to them.

119.  These defendants deny the allegations of paragraph 119 of the Complaint to the extent addressed to them.

120.-124.  The allegations of paragraphs 120 through 124 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

125.  These defendants deny the allegations of paragraph 125 of the Complaint.

126.  These defendants deny that Jerry Puckett has any valid cause of action under 42 U.S.C. § 1983 against these defendants as alleged in paragraph 126 of the Complaint.

127.  These defendants deny the allegations of paragraph 127 of the Complaint to the extent addressed to these defendants.

128.   In answer to paragraph 128 of the Complaint, these defendants admit that Sheriff Hensley would have been acting in his capacity as Sheriff for any actions taken and would have been acting under color of law.  These defendants deny the remaining allegations of paragraph 128 of the

Complaint and assert that Sheriff Hensley is entitled to qualified immunity as set forth above.

129.  In answer to paragraph 129 of the Complaint, these defendants admit that any actions taken by defendant Rogers in his capacity as Chief Deputy would have been under color of law. These defendants deny the remaining allegations of paragraph 129 of the Complaint and assert that defendant Rogers is entitled to qualified immunity as set forth above.

130.  The allegations of paragraph 130 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

131.  In answer to paragraph 131 of the Complaint, these defendants admit that any actions taken by defendant Ricker in his capacity as Deputy would have been under color of law.  These defendants deny the remaining allegations of paragraph 131 of the Complaint and assert that defendant Ricker is entitled to qualified immunity.

132.  In answer to paragraph 132 of the Complaint, these defendants admit that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department.  These defendants generally deny the remaining allegations of paragraph 132 of the Complaint.

133.  These defendants deny the allegations of paragraph 133 of the Complaint.

134.  In answer to paragraph 134 of the Complaint, these defendants deny that George Puckett has any valid cause of action pursuant to 42 U.S.C. § 1983 against these defendants.

135.  These defendants deny the allegations of paragraph 135 of the Complaint.

136.  In answer to paragraph 136 of the Complaint, these defendants admit that Sheriff Hensley would have been acting in his capacity as Sheriff for any actions taken and would have been acting under color of law.  These defendants deny the remaining allegations of paragraph 136 of the Complaint and assert that Sheriff Hensley is entitled to qualified immunity as set forth above.

137.  In answer to paragraph 137 of the Complaint, these defendants admit that any actions taken by defendant Rogers in his capacity as Chief Deputy would have been under color of law. These defendants deny the remaining allegations of paragraph 137 of the Complaint and assert that defendant Rogers is entitled to qualified immunity as set forth above.

138.  The allegations of paragraph 138 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

139.  In answer to paragraph 139 of the Complaint, these defendants admit that any actions taken by defendant Ricker in his capacity as Deputy would have been under color of law.  These defendants deny the remaining allegations of paragraph 139 of the Complaint and assert that defendant Ricker is entitled to qualified immunity.

140.  In answer to paragraph 140 of the Complaint, these defendants admit that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department.  These defendants generally deny the remaining allegations of paragraph 140 of the Complaint.

141.  These defendants deny the allegations of paragraph 141 of the Complaint to the extent addressed to these defendants.

142.  These defendants deny that Jerry Puckett has any valid cause of action under 42 U.S.C. § 1983 against these defendants as alleged in paragraph 142 of the Complaint.

143.  These defendants deny the allegations of paragraph 143 of the Complaint.

144.  These defendants deny the allegations of paragraph 144 of the Complaint.

145.  These defendants deny the allegations of paragraph 145 of the Complaint.

146.  In answer to paragraph 146 of the Complaint, these defendants admit that Sheriff Hensley would have been acting in his capacity as Sheriff for any actions taken and would have been

acting under color of law.  These defendants deny the remaining allegations of paragraph 146 of the Complaint and assert that Sheriff Hensley is entitled to qualified immunity as set forth above.

147.  In answer to paragraph 147 of the Complaint, these defendants admit that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department.  These defendants generally deny the remaining allegations of paragraph 147 of the Complaint.

148.  These defendants deny the allegations of paragraph 148 of the Complaint.

149.  In answer to paragraph 149 of the Complaint, these defendants deny that Jerry Puckett has any valid claim for conspiracy to violate civil rights in violation of 42 U.S.C. § 1985.

150.-153.  These defendants deny the allegations of paragraphs 150 through 154 of the Complaint.

154.-159.  The allegations of paragraphs 154 through 159 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

160.  These defendants deny that Jerry Puckett has any valid cause of action under 42 U.S.C. § 1983 against these defendants as alleged in paragraph 142 of the Complaint.

161.  These defendants deny the allegations of paragraph 161 of the Complaint.

162.  These defendants deny the allegations of paragraph 162 of the Complaint.

163.  In answer to paragraph 163 of the Complaint, these defendants admit that any actions taken by defendant Arnold in his capacity as Deputy would have been under color of law.  These defendants deny the remaining allegations of paragraph 163 of the Complaint and assert that defendant Arnold is entitled to qualified immunity.

164.  In answer to paragraph 164 of the Complaint, these defendants admit that any actions taken by defendant Ricker in his capacity as Deputy would have been under color of law.  These

defendants deny the remaining allegations of paragraph 164 of the Complaint and assert that defendant Ricker is entitled to qualified immunity.

165. In answer to paragraph 165 of the Complaint, these defendants admit that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department. These defendants generally deny the remaining allegations of paragraph 165 of the Complaint.

166. These defendants deny the allegations of paragraph 166 of the Complaint.

167. These defendants deny that George Puckett has any valid cause of action under 42 U.S.C. § 1983 against these defendants as alleged in paragraph 142 of the Complaint.

168. These defendants deny the allegations of paragraph 168 of the Complaint.

169. These defendants deny the allegations of paragraph 169 of the Complaint.

170. These defendants deny the allegations of paragraph 170 of the Complaint.

171. In answer to paragraph 171 of the Complaint, these defendants admit that Sheriff Hensley would have been acting in his capacity as Sheriff for any actions taken and would have been acting under color of law. These defendants deny the remaining allegations of paragraph 171 of the Complaint and assert that Sheriff Hensley is entitled to qualified immunity as set forth above.

172. In answer to paragraph 172 of the Complaint, these defendants admit that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department. These defendants generally deny the remaining allegations of paragraph 172 of the Complaint.

173. These defendants deny the allegations of paragraph 173 of the Complaint.

174. In answer to paragraph 174 of the Complaint, these defendants deny that George Puckett has any valid claim for conspiracy to violate civil rights in violation of 42 U.S.C. § 1985.

175.-179. These defendants deny the allegations of paragraphs 175 through 179 of the

Complaint.

180.  These defendants deny that George Puckett has any valid cause of action under 42 U.S.C. § 1983 against these defendants as alleged in paragraph 180 of the Complaint.

181.  These defendants deny the allegations of paragraph 181 of the Complaint.

182.  In answer to paragraph 182 of the Complaint, these defendants admit that Chief Deputy Rogers would have been acting in his capacity as Chief Deputy for any actions taken and would have been acting under color of law.  These defendants deny the remaining allegations of paragraph 182 of the Complaint and assert that Sheriff Hensley is entitled to qualified immunity as set forth above.

183.  In answer to paragraph 183 of the Complaint, these defendants admit that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department.  These defendants generally deny the remaining allegations of paragraph 183 of the Complaint.

184.-194.  The allegations of paragraphs 184 through 194 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

194.-199.  In answer to paragraphs 194 through 199 of the Complaint, these defendants deny that they engaged in any wrongful conduct and deny that the plaintiffs are entitled to recover any damages from them.

200.  In answer to paragraph 200 of the Complaint, these defendants also request a jury.

201.  In answer to paragraph 201 of the Complaint, these defendants deny that the plaintiffs are entitled to any monetary or legal relief.

202.  These defendants deny any allegations of the Complaint which were not previously admitted, denied, or otherwise answered.

203.  These defendants assert that the Complaint, in whole or in part, fails to state a claim

21

against these defendants.

204.  These defendants assert and rely upon the statute of limitations as to all of plaintiffs' claims accruing more than one year prior to the filing of the Complaint.

205.  The defendant, Mike Hensley, in his individual capacity, asserts that he is entitled to qualified immunity.  Sheriff Hensley did not violate any constitutional right of any of the plaintiffs under federal or state law.  It is affirmatively denied that he engaged in any conspiracy to deprive the plaintiffs of any rights, that he instituted any criminal charges against the plaintiffs without probable cause or that he instructed any deputy to arrest or institute any criminal charge against the plaintiffs for any improper purpose.  Alternatively, a reasonable sheriff in his position would not have believed that his actions violated any rights of the plaintiffs under clearly established law.

206.  The defendant, Jonathan "Frank" Rogers, in his individual capacity, asserts that he is entitled to qualified immunity.  Defendant Rogers did not violate any constitutional right of any of the plaintiffs under federal or state law.  It is affirmatively denied that he engaged in any conspiracy to deprive the plaintiffs of any rights, that he instituted any criminal charges against the plaintiffs without probable cause, or that he instructed any deputy to arrest or institute any criminal charge against the plaintiffs for any improper purpose.  Alternatively, a deputy in his position would not have believed that his actions violated any rights of the plaintiffs under clearly established law.

207.  The defendant, Chad Ricker, in his individual capacity, asserts that he is entitled to qualified immunity.  Defendant Ricker did not violate any constitutional right of any of the plaintiffs under federal or state law.  It is affirmatively denied that he engaged in any conspiracy to deprive the plaintiffs of any rights, that he was aware of any conspiracy and failed to report it, that he falsified any report or documents, or that he otherwise engaged in any impropriety.  Alternatively, a deputy

in his position would not have believed that his actions violated any rights of the plaintiffs under clearly established law.

208. Sheriff Hensley, Chief Deputy Rogers, and Deputy Ricker assert that they were acting at all times in their official capacity under color of law and were not acting in their individual capacities within the meaning of Tennessee Code Annotated § 29-20-113. To the extent applicable, these defendants assert that they are entitled to recover their attorney's fees pursuant to that statute.

209. These defendants assert that the claims against them are frivolous and that they should be entitled to recover their attorney's fees pursuant to 42 U.S.C. § 1988.

210. These defendants assert that claims made by George Puckett and Jerry Puckett, based upon the prosecution of George Puckett are barred as a result of issue and/or claim preclusion, since George Puckett was criminally convicted of the offenses he was charged with.

211. These defendants assert that the claims of George Puckett and Jerry Puckett, based upon the criminal prosecution of George Puckett, should be barred as a result of the *Heck* doctrine since George Puckett was criminally convicted of those charges and the conviction has not been set aside.

Having fully answered the Complaint, these defendants assert that the claims against them should be dismissed at the cost of the plaintiffs and that they should be entitled to recover their attorney's fees and any other relief to which they are entitled. In the alternative, these defendants request a trial by a jury. These defendants reserve the right to amend this Answer as consistent with the Federal Rules of Civil Procedure and the Orders of this Court.

Respectfully submitted,

*s/ Jeffrey M. Ward*
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com

Attorney for Defendants, Unicoi County,
Tennessee, Michael Hensley, Jonathan
"Frank" Rogers, and Chad Ricker