UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| Jerry Michael Puckett, Andrew Joseph Puckett, and George Puckett | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 2:23-cv-00123-DCLC-CRW |
| Unicoi County, Tennessee; City of Erwin Tennessee; Unicoi County Sheriff Michael Hensley, Deputy Ron Arnold, ET. AL | ) ) ) ) | |
| Defendants | ) | |

<u>DEPUTY ARNOLD'S ANSWER TO FOURTH AMENDED COMPLAINT</u>

The Defendant, Sheriff Deputy Ron Arnold ("Deputy Arnold") makes the following Answer to Plaintiffs' Fourth Amended Complaint ("Complaint") and would show unto the Court as follows:

1.   Deputy Arnold denies the allegations of paragraph 1 of the Complaint to the extent that those allegations are directed to him.

2. Deputy Arnold denies the allegations of paragraph 2 of the Complaint to the extent that those allegations are directed to him.

3. Deputy Arnold denies the allegations of paragraph 3 of the Complaint to the extent that those allegations are directed to him.

4. On information and belief, Deputy Arnold admits the allegations of paragraph 4 of the Complaint.

5. On information and belief, Deputy Arnold admits the allegations of paragraph 5 of the Complaint.

6. On information and belief, Deputy Arnold admits the allegations of paragraph 6 of the Complaint.

7. The allegations of paragraph 7 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

8. The allegations of paragraph 8 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

9. The allegations of paragraph 9 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

10. The allegations of paragraph 10 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

11. The allegations of paragraph 11 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

12. Deputy Arnold admits the allegations contained in Paragraph 12 of the Complaint, except to deny that he is still employed by the Unicoi County Sheriff's Office.

13.-18. The allegations of paragraphs 13 through 18 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

19. The allegations of paragraph 19 of the Complaint do not require an answer.

20. In answer to paragraph 20 of the Complaint, Deputy Arnold does not dispute that the Court has subject matter jurisdiction but denies that the plaintiffs have any valid cause of action against him. Deputy Arnold denies that the Court should exercise supplemental jurisdiction over any state law claims.

21. In answer to paragraph 21 of the Complaint, Deputy Arnold does not dispute that the Court has personal jurisdiction over him.

22. In answer to paragraph 22 of the Complaint, Deputy Arnold does not dispute that the Court has jurisdiction to hear this matter, but denies that any of his conduct gives rise to the plaintiffs' claims.

23. In answer to paragraph 23 of the Complaint, Deputy Arnold does not dispute venue.

24. In answer to paragraph 24 of the Complaint, Deputy Arnold admits, on information and belief, that Andrew Puckett has mental health conditions that have required him to be institutionalized or provided with mental health treatment. Deputy Arnold lacks sufficient information to admit the further details relating to those conditions as alleged in paragraph 24 of the Complaint.

25. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 25 of the Complaint.

26. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 26 of the Complaint.

27. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 27 of the Complaint.

28. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 28 of the Complaint.

29. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 29 of the Complaint.

30. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 30 of the Complaint.

31. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 31 of the Complaint.

32. On information and belief, Deputy Arnold admits that Jerry Puckett and Andrew Puckett live on opposite sides of Flag Pond Road and that the property is close to the Cherokee National Forest. Deputy Arnold lacks sufficient information to admit or deny the remaining allegations of paragraph 32 of the Complaint.

33. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 33 of the Complaint.

34. Deputy Arnold lacks sufficient information to admit or deny the allegations paragraph 34 of the Complaint.

35. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 35 of the Complaint.

36. In answer to paragraph 36 of the Complaint, it is admitted, on information and belief, that Jerry Puckett operated a hostel for hikers for some period. Deputy Arnold lacks sufficient information to admit or deny the remaining allegations of paragraph 36 of the Complaint.

37. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 37 of the Complaint.

38. On information and belief, Deputy Arnold admits the first sentence of paragraph 38 of the Complaint. Deputy Arnold denies the remaining allegations of paragraph 38 of the Complaint to the extent directed to Deputy Arnold.

39. Deputy Arnold denies the allegations of paragraph 39 of the Complaint to the extent that those allegations are directed to him.

40. Deputy Arnold denies the allegations of paragraph 40 of the Complaint to the extent that those allegations are directed to him.

41. Deputy Arnold denies that allegations of paragraph 41 of the Complaint to the extent the allegations are directed to him.

    a. Deputy Arnold is without sufficient knowledge to admit or deny the allegations contained in paragraph 41a of the Complaint. The allegations fail to state a claim as to Deputy Arnold.

    b. Deputy Arnold is without sufficient knowledge to admit or deny the allegations contained in paragraph 41b of the Complaint. The allegations fail to state a claim as to Deputy Arnold.

    c. Deputy Arnold is without sufficient knowledge to admit or deny the allegations contained in paragraph 41c of the Complaint. The allegations fail to state a claim as to Deputy Arnold.

    d. Deputy Arnold is without sufficient knowledge to admit or deny the allegations contained in paragraph 41d of the Complaint. The allegations fail to state a claim as to Deputy Arnold.

    e. Deputy Arnold is without sufficient knowledge to admit or deny the allegations contained in paragraph 41e of the Complaint. The allegations fail to state a claim as to Deputy Arnold.

    f. Deputy Arnold is without sufficient knowledge to admit or deny the allegations contained in paragraph 41f of the Complaint. The allegations fail to state a claim as to Deputy Arnold.

42. The allegations contained in paragraph 42 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold lacks sufficient information to admit or deny the remaining allegations of paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold lacks sufficient information to admit or deny the allegations of paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44, including subparagraphs a-c, are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold. To the extent these

allegations are directed to Deputy Arnold, Deputy Arnold lacks sufficient information to admit or deny the allegations.

45. The allegations contained in paragraph 45 of the Complaint, including subparagraph a, are not directed at Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 45 of the Complaint.

46. The allegations contained in paragraph 46 of the Complaint, including subparagraph a, are not directed at Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 46 of the Complaint.

47. The allegations contained in paragraph 47 of the Complaint are not directed at Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 47 of the Complaint.

48. The allegations contained in paragraph 48 of the Complaint are not directed at Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 48 of the Complaint.

49. The allegations contained in paragraph 49 of the Complaint are not directed at Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 49 of the Complaint.

50. The allegations of paragraph 50 of the Complaint are not directed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold lacks sufficient information to admit or deny the remaining allegations of paragraph 50 of the Complaint.

51. The allegations of paragraph 51 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold denies any malicious prosecution or

abusive law enforcement practices and lacks sufficient information to admit or deny the remaining allegations of paragraph 51 of the Complaint.

52. The allegations of paragraph 52 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold lacks sufficient information to admit or deny the remaining allegations of paragraph 52 of the Complaint.

53. Deputy Arnold denies the allegations of paragraph 53 of the Complaint.

54. Deputy Arnold denies the allegations of paragraph 54 of the Complaint as stated.

a. Deputy Arnold denies the allegations of paragraph 54a of the Complaint as stated.

b. The allegations of paragraph 54b are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations contained in paragraph 54b of the Complaint.

c. Deputy Arnold denies (1) that he caused or encouraged Claude Hensley to make false statements about the incident for (2) the purpose of bringing false and malicious charges against this plaintiff and (3) that he conducted a sham investigation of the incident for manufacturing charges against this plaintiff as alleged in paragraph 54c of the Complaint. Deputy Arnold is without sufficient information to admit or deny the allegations contained in paragraph 54c relating to Defendant Hensley.

d. Deputy Arnold denies the allegations of paragraph 54d as stated, except to admit that plaintiff was charged with aggravated assault.

e. The allegations of paragraph 54e that may be directed at Deputy Arnold are denied as stated. Deputy Arnold is without sufficient information to admit or deny the remaining allegations contained in paragraph 54e of the Complaint.

55. Deputy Arnold denies the allegations of paragraph 55 of the Complaint that may directed at him. Deputy Arnold is without sufficient information to admit or deny those allegations that are directed at other defendants.

56. The allegations of paragraph 56 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 56 relating to other defendants. Finally, Deputy Arnold denies any allegations of paragraph 47 of the Complaint that are inconsistent with the foregoing.

57. The allegations of paragraph 57 of the Complaint are not directed at Deputy Arnold And fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 57 relating to other defendants.

58. The allegations of paragraph 58 of the Complaint are not directed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 58 relating to other defendants.

59. The allegations of paragraph 59 of the Complaint are not directed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 59 relating to other defendants.

60. The allegations of paragraph 60 of the Complaint, including subparagraphs a through e, are not directed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 60 relating to other defendants.

61. The allegations of paragraph 61 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny those allegations relating to other defendants.

62. The allegations of paragraph 62 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 62 of the Complaint.

63. The allegations of paragraph 63 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 63 of the Complaint.

64. The allegations of paragraph 64 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 64 of the Complaint.

65. The allegations of paragraph 65 of the Complaint, including subparagraphs a-d, are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations contained in paragraph 65 of the Complaint.

66. The allegations of paragraph 66 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations contained in paragraph 66 of the Complaint.

67. The allegations of paragraph 67 of the Complaint are not directed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations contained in paragraph 67 of the Complaint.

68. The allegations of paragraph 68 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 68 of the Complaint.

69. The allegations of paragraph 69 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 69 of the Complaint.

70. The allegations of paragraph 70 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 70 of the Complaint.

71. The allegations of paragraph 71 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 71 of the Complaint.

72. The allegations of paragraph 72 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations contained in paragraph 72 of the Complaint.

73. The allegations of paragraph 73 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 73 of the Complaint.

74. The allegations of paragraph 74 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 74 of the Complaint.

75. The allegations of paragraph 75 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 75 of the Complaint.

76. The allegations of paragraph 76 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations contained in paragraph 76 of the Complaint.

77. The allegations of paragraph 77 of the Complaint do not require an answer.

78. Deputy Arnold denies the allegations of paragraph 78 of the Complaint as stated. Deputy Arnold is without sufficient information to admit or deny the remaining allegations contained in paragraph 78 of the Complaint.

79. The allegations of paragraph 79 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the remaining allegations contained in paragraph 79 of the Complaint.

80. The allegations of paragraph 80 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the remaining allegations contained in paragraph 80 of the Complaint.

81. The allegations of paragraph 81 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 81 of the Complaint, except to deny that plaintiffs provided the records and documentation as referenced in the Complaint.

82. Deputy Arnold denies the allegations of paragraph 82 of the Complaint as stated. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of paragraph 82 of the Complaint.

83. The allegations of paragraph 83 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of paragraph 83 of the Complaint except to deny that plaintiffs provided the records and documentation as referenced in the Complaint.

84. The allegations of paragraph 84 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 84 of the Complaint, except to deny that plaintiffs provided the records and documentation as referenced in the Complaint.

85. In answer to paragraph 85 of the Complaint, Deputy Arnold admits that Claude Hensley and Jerry Puckett were both charged with aggravated assault but denies the remaining allegations of paragraph 85 of the Complaint as stated. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of paragraph 85 of the Complaint

86. The allegations of paragraph 86 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. To the extent the allegations of paragraph 86 are directed at Deputy Arnold, he denies participation in an unlawful conspiracy and violating any plaintiff's statutory or constitutional rights. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of paragraph 86 of the Complaint

87. The allegations of paragraph 87 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold denies the allegations of paragraph 87 of the Complaint, including subparagraphs a-d, as stated, that may be directed at him. Deputy Arnold denies participation in an unlawful conspiracy and violating any plaintiff's statutory or constitutional rights. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of paragraph 87 of the Complaint.

88.  The allegations of paragraph 88 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold denies the allegations of paragraph 88 of the Complaint, including subparagraphs a-d, as stated. Deputy Arnold denies participation in an unlawful conspiracy and violating any plaintiff's statutory or constitutional rights. Deputy

Arnold is without sufficient information to admit or deny the remaining allegations of paragraph 88 of the Complaint.

89. Deputy Arnold denies the allegations of paragraph 89 of the Complaint, including subparagraphs a-h, as stated, except to admit that he conducted his entire investigation in good faith.

90. The allegations of paragraph 90 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 90 of the Complaint as stated.

91-100. The allegations of paragraphs 91-100 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of paragraphs 91-100 of the Complaint as stated.

101. The allegations of paragraph 101 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold specifically denies that he conspired with Judge Manuel or any other Law Enforcement Defendant. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of paragraph 101 of the Complaint as stated.

102. The allegations of paragraph 102 of the Complaint are not addressed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold denies that any of the plaintiffs are entitled to relief, and denies that the plaintiff, Andrew Puckett, has any valid cause of action against him under applicable law.

103. The allegations of paragraph 103 of the Complaint do not require a response from Deputy Arnold. The allegations are not directed to Deputy Arnold and fail to state a claim against Deputy Arnold.

104. The allegations of paragraph 104 of the Complaint are not addressed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold admits, upon information and belief, that Andrew Puckett has a mental health impairment. Deputy Arnold is without sufficient information to admit or deny the allegations contained in paragraph 104 of the Complaint.

105. The allegations of paragraph 105 of the Complaint are not addressed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold admits that Unicoi County provides law enforcement services within its jurisdictional boundaries but denies the remaining allegations of paragraph 105 of the Complaint as stated and to the extent those allegations are addressed to him. Deputy Arnold is without sufficient information to admit or deny the remaining allegations contained in paragraph 105 of the Complaint.

106. The allegations of paragraph 106 of the Complaint are not addressed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold denies the remaining allegations of paragraph 106 of the Complaint to the extent that those allegations are note directed at Deputy Arnold.

107. The allegations of paragraph 108 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold denies the allegations of paragraph 107 of the Complaint to the extent that they are addressed to him and specifically denies that Andrew Puckett is entitled to any recovery from him.

108. Deputy Arnold denies the allegations of paragraph 108 of the Complaint.

109. The first sentence of paragraph 109 of the Complaint is not addressed to Deputy Arnold and fails to state a claim against Deputy Arnold. Deputy Arnold denies the remaining allegations of paragraph 109 of the Complaint to the extent that those allegations may be addressed to Deputy Arnold, except to admit that he is subject to the requirements of applicable law.

110. Deputy Arnold denies those allegations of paragraph 110 of the Complaint stating that he participated in any scheme or conspiracy. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of this paragraph as stated.

111. Deputy Arnold denies the allegations of paragraph 111 of the Complaint directed at him. Deputy Arnold is without sufficient information to admit or deny those allegations in paragraph 111 of the complaint relating to other defendants.

112. Deputy Arnold denies the allegations of paragraph 112 of the Complaint.

113. Deputy Arnold denies the allegations of paragraph 113 of the Complaint directed at him. Deputy Arnold is without sufficient information to admit or deny those allegations in paragraph 113 of the complaint relating to other defendants.

114. Deputy Arnold denies the allegations of paragraph 114 of the Complaint.

115. Deputy Arnold denies the allegations of paragraph 115 of the Complaint directed at him. Deputy Arnold is without sufficient information to admit or deny those allegations in paragraph 115 of the complaint relating to other defendants.

116. Deputy Arnold denies the allegations of paragraph 116 of the Complaint and denies that the plaintiffs have any valid claim against him.

117. Deputy Arnold denies the allegations of paragraph 117 of the Complaint.

118. Deputy Arnold denies the allegations of paragraph 118 of the Complaint.

119. Deputy Arnold denies the allegations of paragraph 119 of the Complaint.

120.-124. The allegations of paragraphs 120 through 124 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

125. The allegations of paragraph 125 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

126. Deputy Arnold denies that Jerry Puckett has any valid cause of action against him as alleged in paragraph 126 of the Complaint.

127. Deputy Arnold denies the allegations of paragraph 127 of the Complaint, including subparagraphs a-e, to the extent they are addressed to him. Deputy Arnold is without sufficient information to admit or deny those allegations in paragraph 127 of the Complaint relating to other defendants.

128. The allegations of paragraph 128 of the Complaint are not addressed to Deputy Arnold and fail to state a claim against Deputy Arnold.

129. The allegations of paragraph 129 of the Complaint are not addressed to Deputy Arnold and fail to state a claim against Deputy Arnold.

130. In answer to paragraph 130 of the Complaint, Deputy Arnold admits that he would be acting in his capacity as a deputy for any actions taken and would have been acting under the color of law. Deputy Arnold denies the remaining allegations of paragraph 130 of the Complaint and asserts that he is entitled to qualified immunity.

131. The allegations of paragraph 131 of the Complaint are not addressed to Deputy Arnold and fail to state a claim against Deputy Arnold.

132. The allegations of paragraph 132 of the Complaint are not addressed to Deputy Arnold and fail to state a claim against Deputy Arnold. Deputy Arnold admits that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department but generally denies the remaining allegations of paragraph 132 of the Complaint.

133. Deputy Arnold denies the allegations of paragraph 133 of the Complaint.

134. Deputy Arnold is without sufficient information to admit or deny those allegations in paragraph 134 of the Complaint relating to other defendants. Deputy Arnold denies that George Puckett has any valid cause of action against him.

135. Deputy Arnold denies the allegations of paragraph 135 of the Complaint, including subparagraphs a-b that are directed at him. Deputy Arnold is without sufficient information to admit or deny those allegations in paragraph 135 of the Complaint relating to other defendants.

136. The allegations of paragraph 136 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold.

137. The allegations of paragraph 137 of the Complaint are directed at Deputy Arnold and fail to state a claim against Deputy Arnold.

138. In answer to paragraph 138 of the Complaint, Deputy Arnold admits that he would be acting in his capacity as a sheriff's deputy for any actions taken and would have been acting under the law. Deputy Arnold denies the remaining allegations of paragraph 138 of the Complaint and asserts that he is entitled to qualified immunity.

139. The allegations of paragraph 139 of the Complaint are not directed at Deputy Arnold and fail to state a claim against Deputy Arnold.

140. Deputy Arnold denies the allegations of paragraph 140 of the Complaint that are directed at him. Deputy Arnold is without sufficient information to admit or deny those allegations in paragraph 140 of the Complaint relating to other defendants.

141. Deputy Arnold denies the allegations of paragraph 141 of the Complaint.

142. Deputy Arnold denies that Jerry Puckett has any valid cause of action against him as may be alleged in paragraph 142 of the Complaint.

143. The allegations of paragraph 143 of the Complaint, including subparagraphs a-c, are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

144. The allegations of paragraph 144 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

145. The allegations of paragraph 145 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

146. The allegations of paragraph 146 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

147. The allegations of paragraph 147 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold admits that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department. Deputy Arnold is without sufficient information to admit or deny the remaining allegations of paragraph 147 of the Complaint.

148. Deputy Arnold denies the allegations of paragraph 148 of the Complaint.

149. The allegations of paragraph 149 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 149 of the Complaint.

150.-153. The allegations of paragraphs 150-153 of the Complaint are not directed at Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold denies the allegations contained in paragraphs 150 through 153 of the Complaint to the extent they are directed at him.

154.-159. The allegations of paragraphs 154 through 159 of the Complaint are not directed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

160. Deputy Arnold denies that Jerry Puckett has any valid cause of action against him as alleged in paragraph 160 of the Complaint.

161. Deputy Arnold denies the allegations of paragraph 161 of the Complaint and asserts that he is entitled to qualified immunity.

162. The allegations of paragraphs 162 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold is without sufficient information to admit or deny the allegations of paragraph 162 of the Complaint.

163. Deputy Arnold admits the allegation contained in paragraph 163 of the Complaint that he would be acting in his capacity as a sheriff's deputy for any actions taken and would have been acting under the law. Deputy Arnold denies the remaining allegations of paragraph 163 of the Complaint and asserts that his actions were reasonable and that he is entitled to qualified immunity.

164. The allegations of paragraphs 164 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

165. In answer to paragraph 165 of the Complaint, Deputy Arnold admits that Sheriff Hensley was a policymaker for the Unicoi County Sheriff's Department. Deputy Arnold denies the remaining allegations of paragraph 165 of the Complaint.

166. Deputy Arnold denies the allegations of paragraph 166 of the Complaint.

167. The allegations of paragraph 167 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold. Deputy Arnold denies the allegations of paragraph 167 to the extent they are addressed to him.

168-194. The allegations of paragraphs 168-191 of the Complaint are not addressed to Deputy Arnold and fail to state a claim as to Deputy Arnold.

195. Deputy Arnold denies the allegations contained in paragraph 195 of the Complaint, including subparagraphs a-d, which are directed at him, and specifically asserts qualified immunity. Deputy Arnold denies that he is liable to any plaintiff.

196. Deputy Arnold denies the allegations contained in paragraph 196 of the Complaint, including subparagraphs a-e, that are directed at him, and specifically asserts qualified immunity. Deputy Arnold denies that he is liable to any plaintiff.

197. Deputy Arnold denies the allegations contained in paragraph 197 of the Complaint, including subparagraphs a-d, that are directed at him, and specifically asserts qualified immunity. Deputy Arnold denies that he is liable to any plaintiff.

198. In answer to paragraph 198 of the Complaint, including subparagraph a-d, Deputy Arnold denies that he is liable to any plaintiff.

199. In answer to paragraph 199 of the Complaint, Deputy Arnold denies that he is liable to any Plaintiff.

200. In answer to paragraph 200 of the Complaint, Deputy Arnold also requests a trial by jury.

201. Deputy Arnold denies the allegations contained in paragraph 201 of the Complaint.

202. Deputy Arnold denies any allegations of the Complaint which were not previously admitted, denied, or otherwise answered.

203. Deputy Arnold asserts that the Complaint, in whole or in part, fails to state a claim against him.

204. Deputy Arnold asserts and relies upon the statute of limitations as to all of plaintiffs' claims accruing more than one year prior to the filing of the Complaint.

205. Deputy Arnold, in his individual capacity, asserts that he is entitled to qualified immunity. Deputy Arnold did not violate any constitutional right of any of the plaintiffs under federal or state law. It is affirmatively denied that he engaged in any conspiracy to deprive the plaintiffs of any rights, that he instituted any criminal charges against the plaintiffs without

probable cause or that he arrested or instituted any criminal charges against the plaintiffs for any improper purpose. Alternatively, a reasonable deputy in his position would not have believed that his actions violated any rights of the plaintiffs under clearly established law.

206. Deputy Arnold asserts that he was acting at all times in his official capacity under color of law and was not acting in his individual capacity within the meaning of Tennessee Code Annotated § 29-20-113. To the extent applicable, Deputy Arnold asserts that he is entitled to recover his attorney's fees pursuant to that statute.

207. Deputy Arnold asserts that the claims against him are frivolous and that he should be entitled to recover his attorney's fees pursuant to 42 U.S.C. § 1988.

208. Deputy Arnold asserts that claims made by George Puckett and Jerry Puckett, based upon the prosecution of George Puckett, are barred as a result of issue and/or claim preclusion, since George Puckett was criminally convicted of the offenses he was charged with.

209. Deputy Arnold asserts that, at the time of and on the occasion(s) complained of in the Complaint, Plaintiffs, jointly or severally, may have been negligent, and that said negligence was a substantial factor in causing their injuries, if any there were, and said negligence constitutes a bar in whole or in part to the Complaint.

210. Deputy Arnold asserts that the damages about which the Plaintiffs complain, if any there were, may have been caused or brought about or many have been the proximate result of conduct on the part of other persons not parties to this lawsuit, all without negligence or fault on the part of Deputy Arnold.

211. Deputy Arnold asserts that the damages about which Plaintiffs complain, if any there were, may have been caused or brought about by an intervening or superseding cause not under the control of Deputy Arnold, and Deputy Arnold relies upon same as a bar to the Complaint.

212. Deputy Arnold asserts that the Plaintiffs caused and also may have failed to mitigate any and all of their alleged damages and/or aggravated same by their own actions or inactions, which bar in whole or in part their claim for damages.

213. Deputy Arnold asserts that he acted in conformity with all applicable statutes, regulations, ordinances, common law and in conformity with the Constitutions of the United States and the State of Tennessee.

214. Deputy Arnold asserts that part and/or all of Plaintiffs' claims may be barred by sovereign, judicial and/or qualified immunity, by statute, put forth under the Eleventh Amendment to the United States Constitution.

215. Deputy Arnold asserts that at all times relevant hereto, Deputy Arnold acted reasonably, properly, in good faith, in accordance with the law, without wrongful intent or malice, with proper justification and in the exercise of reasonable professional judgment, including, but not necessarily limited to, Deputy Arnold's actions with respect to his employment, duties and/or responsibilities as a sworn law enforcement officer.

216. Deputy Arnold asserts that at all times mentioned in the Complaint, Deputy Arnold acted with probable cause and exercised a reasonable belief as to the necessity of his actions and was justified in taking his actions which acts as a complete bar to the Complaint.

217. Deputy Arnold asserts that the Plaintiffs have failed to plead a conspiracy with the specificity required under Tennessee law.

218. Deputy Arnold asserts that, at all times relevant herein, that he acted without malice and committed no unlawful act or independent tort causing harm to any of the Plaintiffs.

219. Deputy Arnold asserts that the claims of George Puckett and Jerry Puckett, based upon the criminal prosecution of George Puckett, should be barred as a result of the *Heck* doctrine

since George Puckett was criminally convicted of those charges and the conviction has not been set aside.

220. Deputy Arnold asserts that there is no basis in law or fact to recover punitive damages, if any.

Having fully answered the Fourth Amended Complaint, Deputy Arnold asserts that the claims against him should be dismissed at the cost of the plaintiffs and that he should be entitled to recover his attorney's fees and any other relief to which he is entitled. In the alternative, Deputy Arnold requests a trial by a jury. Deputy Arnold reserves the right to amend his Answer as consistent with the Federal Rules of Civil Procedure and the Orders of this Court.

This, the 6th day of March, 2025.

Respectfully submitted,

/s/ *L. Scott Miller*

L. Scott Miller (TN BPR. No. 034102)
L.S. MILLER LAW
415 West Central Avenue, Suite 1
LaFollette, Tennessee 37766
(865) 332.0922
lsmiller@lsmlaw.com

Attorney for Deputy Ron Arnold

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of March, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which sends notifications of such filings to all registered participants.

/s/ *L. Scott Miller*
L. Scott Miller