IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| **Jerry Michael Puckett**, <br> **Andrew Joseph Puckett**, and <br> **George Robert Puckett** <br><br> *Plaintiffs*, <br> v. <br><br> **Unicoi County, Tennessee;** <br> **City of Erwin, Tennessee;** <br> **Michael Hensley;** <br> **Jonathan "Frank" Rogers;** <br> **Tony Buchanan;** <br> **Ron Arnold;** <br> **Chad Ricker;** <br> **Claude Hensley;** <br> **Brian Tressler;** <br> **Robert Bullington;** <br> **R. Mitchell Manuel; and** <br> **John and Jane Does No. 1-10** <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § | Case No. 2:23-cv-00123-DCLC <br><br> JURY TRIAL REQUESTED |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' JOINT MOTION TO STAY DISCOVERY (DKT. NO. 97)**

Plaintiffs' Jerry Michael Puckett, Andrew Joseph Puckett, and George Robert Puckett file this Response in Opposition to Defendants' Joint Motion to Stay Discovery (Dkt. No. 97).

Defendants' joint motion provides no coherent reason to justify a stay of discovery in this case. Defendant Manuel has filed a motion to dismiss that pertains to Claim 14 only—a single claim that is wholly distinct from Claims 1-13. Defendant Manuel is not a defendant as to Claims 1-13. He is a defendant as to Claim 14 only. None of the other defendants are parties to Claim 14. There is no factual overlap between Claims 1-13 as compared to Claim 14 whatsoever because Claim 14 arises from Judge Manuel's April 5, 2024 letter. The other defendants have no interest or concern in Plaintiffs' request for future declaratory relief against Judge Manuel in Claim 14. Claims 1-13 simply are not intertwined.

Irrespective of whether the Court grants a motion to dismiss Claim 14 on grounds of immunity or otherwise, the litigation as to Claims 1-13 will go on. Plaintiffs have agreed to forgo taking additional discovery from Defendant Manuel until the court rules on his pending motion to dismiss. *See* Exhibit 1 (email correspondence) Plaintiffs' do not oppose a limited stay of discovery directed to Defendant Manuel until the Court resolves the pending motion to dismiss. But none of the other Defendants have moved to dismiss on grounds of immunity, and many of the defendants have no conceivable claim to any sort of immunity. For all defendants other than Defendant Manuel, a discovery stay at this time will serve ***no purpose other than delay***.

Defendants have not met their burden to show good cause, and the joint motion to stay discovery should be denied.

### 1. Defendants Have Presented No Coherent Justification for the Requested Discovery Stay.

Defendants' joint motion correctly recognizes that a discovery stay is disfavored, and that Defendants' have the burden to show that some special circumstance presents good cause for the court to grant a discovery stay. *See* Memorandum in Support (Dkt. 98) at 1-2. *See also Kendell v. Shanklin,* 2020 U.S. Dist. LEXIS 98181, 2020 WL 6748505 (S.D. Ohio June 4, 2020) (denying a motion to stay and rejecting a variety of alleged special circumstances).

Defendants' joint motion, on its face, provides no coherent reason to justify a stay of discovery in this case. The motion asserts that each of the Law Enforcement Defendants have asserted qualified immunity in this case (Def's Memorandum at 2) but none of these defendants has filed a motion to dismiss. Each of the individual Law Enforcement Defendants has merely asserted qualified immunity as an affirmative defense in his answer. Defendants Unicoi County and City of Erwin have no conceivable claim to immunity, nor do the civilian defendants.

The Sixth Circuit has affirmed a district court stay of discovery that is limited to the specific claims and specific parties that have filed a motion to dismiss on grounds of immunity, and the Sixth Circuit favorably endorsed a district court exercising its discretion in this manner. *See Waid v. Early (In re Flint Water Cases)*, 960 F.3d 820, 826 (6th Cir. 2020). Plaintiffs have offered to forgo discovery against Defendant Manuel until his motion to dismiss is decided. *See* Exhibit 1.

But Defendants are incorrect to assert that a global stay of discovery for the case is warranted merely because one party files a motion to dismiss one claim from a case. Courts routinely deny such overbroad requests for a discovery stay and refuse to delay litigation discovery that will inevitably need to happen. *See, e.g. Kendell*, 2020 U.S. Dist. LEXIS 98181 at

*3-5; *Hogan v. Cleveland Ave. Rest., Inc.*, 2017 U.S. Dist. LEXIS 181067 at *7-8, 2017 WL 5005422 (S.D. Ohio Nov. 1, 2017); *Tarazi v. Oshry*, 2011 U.S. Dist. LEXIS 39654 at *7-17, 2011 WL 1437052 (S.D. Ohio April 12, 2011). In each of the cited cases, a discovery stay was denied because the requesting defendant had not shown specific special circumstances to justify a stay of discovery. "The Court 'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Hogan*, 2017 U.S. Dist. LEXIS 181067 at *8 (citing and quoting *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)).

Defendants' joint motion states: "Some Defendants are currently faced with filing an Answer and Affirmative Defenses to a Fourth Amended Complaint without knowing if part of the Plaintiffs' claims will be resolved by another Defendant's dispositive motion. . . . [I]f Judge Manuel is dismissed, any of his alleged coconspirators may be stripped of an absolute defense and left to respond to duplicative discovery. The result is prejudice and piecemeal litigation." *See* Memorandum at 3. These statements are nonsensical.

Each defendant has already filed an answer. And, irrespective of whether the Court grants Defendant Manuel's motion to dismiss Claim 14, this case will continue as to Claims 1-13 that are asserted against the other defendants in this case. Plaintiffs make allegations of conspiracy with Manuel in Claims 1-13 because Plaintiffs intend to hold the other defendants liable for Judge Manuel's constitutional wrongs by virtue of their conspiracy with him.

Moreover, even if Defendant Manuel's motion to dismiss Claim 14 is granted, he will still be subject to further discovery in this case. He responded to a Rule 45 subpoena for documents without objection before he was added as a party defendant, and Plaintiffs will be entitled to his Rule 45 deposition based on the documents he produced, whether or not he is

dismissed from the case. Either way, the discovery that defendants now seek to delay will inevitably need to be taken. The requested stay serves no purpose whatsoever.

2. **Defendants' Joint Motion Serves No Purpose Other Than Delay.**

Plaintiffs have provided a full package of previous pleadings and discovery materials to all newly added defendants to get each of them and their counsel up to speed. None of the newly added defendants has provided any discovery to Plaintiffs. None of them have served initial disclosures to even identify the names of persons they know to be witnesses in the case.

Defendant Claude Hensley has provided information to Plaintiffs' counsel indicating that he may be in poor health such that his deposition testimony should be preserved without delay.

Defendant Michael Hensley and Defendant Rogers were served with written discovery in November 2024 that they still have not answered.

Plaintiffs have requested dates for a document custodian deposition from each of Unicoi County and City of Erwin, but counsel to date has not provided deposition dates. Plaintiffs have reason to suspect that both Unicoi County and Erwin have not produced all relevant documents in this litigation, or else that relevant documents are missing or have been destroyed.

Defendants requested discovery stay would further delay all of this necessary discovery. All of this discovery will need to be taken irrespective of the Court's ruling on Defendant Manuel's motion to dismiss. Defendant Manuel has no interest in any of this discovery because none of it relates to Claim 14 whatsoever.

It can easily be seen that defendants have filed their joint motion to stay discovery solely for purposes of delay. The motion should be denied, and defendants should be ordered to confer with Plaintiffs on a revised case and discovery schedule.

**Dated: March 11, 2025**

                                            Respectfully Submitted,

                                            /s/ *Donald Puckett*
                                            Alexis Tahinci (TN BPR No. 031808)
                                            **TAHINCI LAW FIRM PLLC**
                                            105 Ford Avenue, Suite 3
                                            Kingsport, TN 37663
                                            Phone: (423) 406-1151
                                            Fax: (423) 815-1728
                                            alexis@tahincilaw.com

                                            Donald Puckett (TX State Bar No. 24013358)
                                               *(admitted pro hac vice)*
                                            ==Christina Henry==
                                            **DEVLIN LAW FIRM LLC**
                                            1526 Gilpin Ave.
                                            Wilmington, DE 19806
                                            Phone: (302) 449-9010
                                            dpuckett@devlinlawfirm.com

                                               *Attorneys for Plaintiffs*
                                               *Jerry Puckett, Andrew Puckett, and George Puckett*

## CERTIFICATE OF SERVICE

     I hereby certify that on March 11, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                                               /s/ *Donald Puckett*
                                               Donald Puckett