| | |
|---|---|
| **From:** | Donald Puckett |
| **To:** | Jeffrey Ward; Russell Adkins; alexis; chenry@devinlawfirm.com; Scott Miller; Hunter Shepard; Rebecca Ketchie; Lara Gill |
| **Cc:** | Lauren Mostrom |
| **Subject:** | RE: Puckett v. Unicoi County, et al |
| **Date:** | Wednesday, February 19, 2025 10:14:00 AM |
| **Attachments:** | image002.png |
| | image003.png |

Hi Jeff and Russell – I am opposed to an indefinite stay of discovery in this case for all parties while the judicial immunity issue is being decided. I am willing to discuss a stay of discovery with Mr. Adkins with respect to Defendant Judge Manuel, and I don't intend to take any discovery from Defendant Manuel until the court rules on the issues raised in his motion to dismiss. But I do not see any reason to stay discovery with respect to other parties or third parties in this case while judicial immunity is being decided. The other parties to this case, and third parties, are not entitled to any sort of judicial immunity.

I am particularly of the view that a global discovery stay in the case is not warranted for at least the following reasons:

1. There are many legal claims asserted, and factual aspects of this case, that have nothing to do with Defendant Manuel. As just one example, we have not made allegations that he is involved in the Hoax Bomb charge that serves as the basis for Andrew Puckett's claims against the City of Erwin.
2. There is substantial third party discovery that needs to be taken in the next few weeks or months, including the Rule 45 subpoenas issued to Claude Hensley and others that I intend to send out soon. There is no reason to delay this third party discovery on the basis of Defendant Manuel's alleged claim to judicial immunity against a claim for prospective declaratory relief only.
3. Defendant Manuel is not facing a claim for money damages as at all, and his only direct interest in this case is with respect to Claim 14 only seeking prospective declaratory relief only.
4. Defendant Manuel can get out of this case any time he wants to by simply agreeing to a declaratory order that nullifies the threat of future incarceration or punishment against Jerry or George Puckett stemming from his April 5, 2024 letter. In essence, Defendant Manuel holds the keys in his own pocket for getting out of this lawsuit and the declaratory claim asserted against him – much like civil contempt. For this reason, the request for a global stay of the case for all parties appears to be a tactical litigation move, not an attempt to actually advance the purpose of judicial immunity.

The current status of this case is that litigation deadlines are stayed for parties to the case, and we do not to submit a proposed revised schedule to the court that will lift this stay. As stated above, I am willing to discuss (and will likely agree to) keeping the stay in place for Defendant Manuel only until immunity is decided. But I will not agree to keeping the stay in

place for other parties to the lawsuit, or with respect to third party discovery.

Now that we have everyone other than Defendant Claude Hensley represented in the case, we should schedule a group call to discuss the revised discovery schedule. I am available most any time the next two days, Thursday or Friday this week. I would ask you to confer among yourselves in light of the positions I have stated above and suggest a time that we can all meet to discuss the case schedule this week or early next. I will be happy to circulate a draft revised schedule for discussion in advance of the meeting.

Thanks,

Donald Puckett
214-295-5122
https://devlinlawfirm.com/donald-puckett/

---

**From:** Jeffrey Ward <jward@milligancoleman.com>
**Sent:** Wednesday, February 19, 2025 7:24 AM
**To:** Russell Adkins <RAdkins@wwmgs.com>; Donald Puckett <dpuckett@devlinlawfirm.com>; alexis <alexis@tahincilaw.com>; chenry@devinlawfirm.com; Scott Miller <lsmiller@lsmlaw.com>; Hunter Shepard <hunter@hbm-lawfirm.com>; Rebecca Ketchie <rebecca@hbm-lawfirm.com>; Lara Gill <lgill@lsmlaw.com>
**Subject:** RE: Puckett v. Unicoi County, et al

Russ:

I agree that a stay is appropriate. I also think the parties need to do a Joint Motion to reset the trial date and the pending deadlines. If everyone agrees with your position, perhaps we can file a Joint Motion to accomplish all of these things.

Thanks,
Jeff


Jeffrey M. Ward
MILLIGAN & COLEMAN PLLP
230 West Depot St.
Greeneville, TN 37743
(423) 329-1426 (Mobile)
(423) 639-6811
(423) 783-7579 (Direct Dial)
_____
The information contained in this message may be attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of

Case 2:23-cv-00123-DCLC-CRW    Document 104-1    Filed 03/11/25    Page 2 of 4
PageID #: 1201

this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me by reply message or telephone, and destroy the original message.

---

**From:** Russell Adkins <RAdkins@wwmgs.com>
**Sent:** Tuesday, February 18, 2025 5:28 PM
**To:** Donald Puckett <dpuckett@devlinlawfirm.com>; alexis@tahincilaw.com; chenry@devinlawfirm.com; Jeffrey Ward <jward@milligancoleman.com>; Scott Miller <lsmiller@lsmlaw.com>; Hunter Shepard <hunter@hbm-lawfirm.com>; Rebecca Ketchie <rebecca@hbm-lawfirm.com>; Lara Gill <lgill@lsmlaw.com>
**Subject:** Puckett v. Unicoi County, et al

Counsel –

As I understand the law, a defendant who has asserted the defense of judicial immunity is entitled to a stay of discovery until that issue has been resolved. Any other outcome would effectively cause that defendant to lose the benefit of his immunity. I wish to raise a request on behalf of Judge Manuel that all discovery be stayed.

Because of the broad scope of the allegations, this does not appear to be a proper case for staying discovery on some issues while proceeding on others. Since the Fourth Amended Complaint alleges that Judge Manuel was a party to a broad conspiracy involving the other defendants, I see no way that discovery can proceed on *any* issues involving any other defendant without affecting Judge Manuel's interests.

I am inquiring whether the parties would be agreeable to an order staying discovery until after the court has ruled on Judge Manuel's judicial immunity. Please let me know your respective positions, and whether it would be helpful to set up a conference call to discuss our options. I realize that this may delay the proceedings, but I don't currently see another way to protect my clients' interests. I am, of course, open to suggestions.

*Russell W. Adkins*
Civil Trial Practice Specialist & Rule 31 Mediator
Licensed in Tennessee and Kentucky



PAY CLIENT INVOICE I PAY RETAINER FEE
200 East Main Street – First Floor
Kingsport, TN  37660
radkins@wilsonworley.com
T: 423.723.0401
F: 423.723.0430

  

PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, PLEASE BE ADVISED THAT THIS OFFICE MAY BE DEEMED TO BE A DEBT COLLECTOR. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

CONFIDENTIALITY NOTICE: Disclosure of this communication is limited to the recipient(s) intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is prohibited. Please contact us immediately by return e-mail or at 423-723-0400, and destroy the original transmission and its attachments without reading or saving in any manner.