UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JERRY MICHAEL PUCKETT, *et al.*,
    Plaintiffs,

v.

UNICOI COUNTY, TENNESSEE, *et al.*,       2:23-CV-00123-DCLC-CRW
    Defendants.

### JUDGE R. MITCHELL MANUEL'S REPLY MEMORANDUM
### IN SUPPORT OF RESTATED MOTION TO DISMISS

Plaintiffs continue to assert contradictory positions about the nature of their claims against Judge Manuel. In their Response to Judge Manuel's Motion to Dismiss (Doc 84, pp. 8, 7, 14, 15, 17-18) and in their Response to Defendants' Joint Motion to Stay Discovery (Doc 104, p. 2), Plaintiffs repeatedly assert that their action against Judge Manuel is based upon a letter that Judge Manuel sent to Plaintiffs' counsel in response to a records subpoena. Plaintiffs seem to deny that they are making any claims arising from their 2023 court proceedings, likely because those claims raise significant abstention issues, and because those claims are time-barred. Plaintiffs' position is contradicted both by the language of the Fourth Amended Complaint and by their Response to this Motion.

This case is, and has always been, about 2023 court proceedings. Plaintiffs' Response to Judge Manuel's Restated Motion to Dismiss [Doc 105] says little about the letter, but complains bitterly about the 2023 court proceedings that Plaintiffs contend were decided improperly. More importantly, the Fourth Amended Complaint itself [Doc 88, ¶¶ 95-101) makes allegations that go far beyond discussing one letter. This case is not about one letter. It is an attack on a state court proceeding by a litigant who is displeased with the outcome.

To support their argument that Judge Manuel wrongly decided their case, Plaintiffs submit court documents from the minor Plaintiff's trial proceedings [Docs 105-1 through 105-5]. The crux of Plaintiffs' argument is that Judge Manuel violated *Tennessee* law (not federal law) by ordering pretrial diversion. See Doc 105, pp. 11, 13, 15-16. In ruling on a Rule 12 motion to dismiss, a trial court may not consider matters beyond the complaint. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009). Therefore, Documents 105-1 through 105-5 should be disregarded. To the extent that Documents 105-1 through 105-5 are considered, they establish that Judge Manuel found the minor plaintiff guilty of delinquent and traffic offenses. In lieu of criminal penalties, Judge Manuel ordered pretrial diversion, effectively allowing the minor Plaintiff to avoid punishment for his delinquent conduct.

Plaintiff's Complaint and Response do not allege a deprivation of federal constitutional rights. To the contrary, Plaintiffs argue that Judge Manuel's rulings were improper under Tennessee law, particularly the Tennessee Rules of Juvenile Practice and Procedure. This Court should abstain from considering whether Judge Manuel properly applied the Tennessee Rules of Juvenile Practice and Procedure. This action against Judge Manuel should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**s/ Russell W. Adkins**
**RUSSELL W. ADKINS (BPR #014230)**
WILSON WORLEY PC
P. O. Box 88
Kingsport, TN 37662-0088
Tel: (423) 723-0401
Fax: (423) 723-0430
radkins@wilsonworley.com

**CERTIFICATE OF SERVICE**

      I certify that on March 13, 2025, I served the foregoing Judge R. Mitchell Manuel's Reply Memorandum with the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of filing to the parties of record.

                                            **s/ Russell W. Adkins**