IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| **Jerry Michael Puckett**, **Andrew Joseph Puckett**, and **George Robert Puckett** | § § § § | |
| *Plaintiffs*, v. | § § § § | |
| **Unicoi County, Tennessee;** **City of Erwin, Tennessee;** **Michael Hensley;** **Jonathan "Frank" Rogers;** **Tony Buchanan;** **Ron Arnold;** **Chad Ricker;** **Claude Hensley;** **Brian Tressler;** **Robert Bullington;** **R. Mitchell Manuel; and** **John and Jane Does No. 1-10** | § § § § § § § § § § § § § § | Case No. 2:23-cv-00123-DCLC JURY TRIAL REQUESTED |
| *Defendants*. | | |

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT AGAINST DEFENDANT UNICOI COUNTY, TENNESSEE

Plaintiffs Jerry Puckett, Andrew Puckett and George Puckett (herein "Plaintiffs") file this Motion for Partial Summary Judgment Against Defendant Unicoi County, Tennessee ("Unicoi County").

The basis of this motion is that Unicoi County has admitted in this lawsuit that Defendant Sheriff Michael Hensley ("Sheriff Hensley") was Unicoi County's official policymaker for all purposes and at all times relevant to this lawsuit. Based on these undisputed facts, this motion for partial summary judgment seeks to establish that Unicoi County necessarily is liable for the constitutional violations and civil rights injuries that Plaintiffs prove in this case were committed

Plaintiffs' Motion for Partial Summary Judgment Against Unicoi County     Page 1

directly by Sheriff Hensley, as alleged in Claims 3, 5, 6, 7, 8, 11, and 12 of Plaintiffs' Fourth Amended Complaint.[1]

Partial summary judgment is warranted on this issue because all relevant facts are undisputed, and the law clearly establishes Unicoi County's *Monell* liability under 42 U.S.C. §1983 without further proof. Partial summary judgment early in the discovery period also serves interests of efficiency for all parties. Plaintiffs should not be required to take "pattern and practice" discovery, and Plaintiff should not be required to offer "pattern and practice" evidence at trial, when Unicoi County's *Monell* liability for Sheriff Hensley's unconstitutional actions is already established by virtue of Sheriff Hensley's status as Unicoi County's ultimate law enforcement policymaker.

---

[1] This motion for partial summary judgment applies only to the claims Plaintiff's have asserted under 42 U.S.C. §1983 and §1985 that allege constitutional violations directly committed by Defendant Sheriff Hensley. This motion does not ask for summary judgment on Claims 1, 2, 4, 9, 10, 13 or 14.

# I. TABLE OF CONTENTS

I.   TABLE OF CONTENTS ................................................................................................. 3

II.  TABLE OF AUTHORITIES .......................................................................................... 4

III. SUMMARY JUDGMENT EVIDENCE ......................................................................... 6

IV.  ARGUMENTS AND AUTHORITIES ........................................................................... 6

   A.  Legal Standards – Motion for Partial Summary Judgment ..................................... 6

   B.  It is Undisputed that Defendant Sheriff Michael Hensley was Unicoi County's Law Enforcement Policymaker at All Relevant Times and For All Relevant Purposes. .................... 7

   C.  Plaintiffs' Fourth Amended Complaint Alleges that Defendant Sheriff Hensley Directly Committed Unconstitutional Acts and Civil Rights Violations Within His Law Enforcement Policymaker Role. ............................................................................................. 8

   D.  Unicoi County Necessarily is Liable For the Unconstitutional Acts and Civil Rights Violations That Were Directly Committed By Unicoi's Official Policymaker. ....................... 10

V.   CONCLUSION ............................................................................................................. 13

## II. TABLE OF AUTHORITIES

*Bennett v. Pippen*,
   74 F.3d 578 (5th Cir. 1996)......................................................................................... 10

*Cady v. Arenac County*,
   574 F.3d 334 (6th Cir 2009) ......................................................................................... 8

*Calderone v. U.S.*,
   799 F.2d 254 (6th Cir. 1986) ......................................................................................... 5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ..................................................................................................... 4

*Dean v. County of Gage*,
   807 F.3d 931 (8th Cir. 2015) ......................................................................................... 9

*Garner v. Memphis Police Dep't.*,
   8 F.3d 358 (6th Cir. 1993)............................................................................................. 5

*Gilbo v. Agment, LLC*
   831 Fed. Appx. 772 (6th Cir. 2020) ............................................................................. 5

*Hays v. Chattanooga Tank Wash., LLC*,
   658 F.Supp. 3d 589 (E.D. Tenn. 2023) ........................................................................ 5

*Heflin v. Stewart County*,
   958 F.2d 709 (6th Cir. 1992) ......................................................................................... 9

*Holloran v. Duncan*,
   92 F.Supp. 3d 774 (W.D. Tenn. 2015) ........................................................................ 6

*Joe Hand Promotions, Inc. v. Griffith*,
   49 F.4th 1018 (6th Cir. 2022)........................................................................................ 5

*Meyers v. City of Cincinnati*,
   14 F.3d 1115 (6th Cir. 1994)....................................................................................... 10
*Monell v. Department of Social Services*,
   436 U.S. 658 (1978) ............................................................................................ passim

*Spainhoward v. White County*,
   421 F.Supp.3d 524 (M.D. Tenn. 2019) ....................................................................... 6

*Spurlock v. Sumner County*,
    42 S.W.3d 75 (Tenn. 2001) ................................................................................................. 6

*St. Louis v. Praprotnik*,
    485 U.S. 112 (1988) ........................................................................................................... 5

*Stanley v. Macomb County*,
    2024 U.S. Dist. LEXIS 4519 at *8 (E.D. Mich. Jan. 8, 2024) ............................................ 8, 10

*Trs. Of the Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, Inc.*,
    115 F.4th 480 (6th Cir. 1986) ............................................................................................. 5

*Turner v. Upton County*,
    915 F.2d 133 (5th Cir. 1990) ............................................................................................. 10

*Vehicle Port. Plus, LLC v. Premier Dealer Servs.*,
    650 F.Supp.2d 800 (E.D.Tenn. 2009) ................................................................................ 5

*Whitson v. Bd. of County Comm'rs of the County of Sedgwick*,
    106 F.4th 1063 (10th Cir. 2024) ......................................................................................... 9

### III. SUMMARY JUDGMENT EVIDENCE

Plaintiffs offer the following evidence in support of this motion for partial summary judgment:

| | |
|---|---|
| Dkt. No. 88 | Plaintiffs' Fourth Amended Complaint |
| Dkt. No. 91 | Defendant Unicoi County's Answer to Fourth Amended Complaint |
| Exhibit 1 | Defendant Unicoi County's Sworn Responses to Plaintiffs' First Set of Interrogatories |

### IV. ARGUMENTS AND AUTHORITIES

**A. Legal Standards – Motion for Partial Summary Judgment**

Rule 56 permits a party to move for summary judgment at any time, including early in the discovery period. See Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

Under Rule 56, a "party may move for judgment, identifying each claim or defense—*or part of each claim or defense*—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established for the case." Fed. R. Civ. P. 56(g).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When the party moving for summary judgment bears the burden of proof on the issue at

trial, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Trs. Of the Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, Inc*., 115 F.4th 480, 488-89 (citing and quoting *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986)).

Despite this high summary judgment burden, when a plaintiff presents summary judgment evidence that satisfies the requirements of Rule 56, the district court can and should enter the full or partial summary judgment to which Plaintiff is entitled. See *Joe Hand Promotions, Inc. v. Griffith*, 49 F.4th 1018, 1026 (6th Cir. 2022) (reversing and remanding with instructions to grant plaintiff's motion for partial summary judgment); *Garner v. Memphis Police Dep't.* 8 F.3d 358, 362 (6th Cir. 1993) (same). See also *Gilbo v. Agment, LLC* 831 Fed. Appx. 772, 774-77 (6th Cir. 2020) (affirming partial summary judgment for plaintiffs); *Hays v. Chattanooga Tank Wash., LLC*, 658 F.Supp. 3d 589, 596 (E.D. Tenn. 2023) (granting motion for partial summary judgment establishing one element of plaintiff's asserted legal claim); *Vehicle Port. Plus, LLC v. Premier Dealer Servs*., 650 F.Supp.2d 800, 807 (E.D.Tenn. 2009) (same).

In a lawsuit pursuant to 42 U.S.C. §1983, partial summary judgment is particularly appropriate where a plaintiff can present sufficient undisputed proof of a municipal party's *Monel*l liability. See, e.g., *Garner*, 8 F.3d at 362 (on interlocutory appeal, reversing district court's denial of plaintiff's motion for partial summary judgment on *Monell* liability and ordering entry of partial summary judgment on remand).

**B.     It is Undisputed that Defendant Sheriff Michael Hensley was Unicoi County's Law Enforcement Policymaker at All Relevant Times and For All Relevant Purposes.**

Identifying a final "policymaker" for *Monell* liability under 42 U. S. C. §1983 is an issue determined by reference to state law. *See St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). "In Tennessee, a county sheriff is a municipal policymaker as to law enforcement decisions."

*Spainhoward v. White County*, 421 F.Supp.3d 524, 547 (M.D. Tenn. 2019). *See also Holloran v. Duncan*, 92 F.Supp. 3d 774, 786 (W.D. Tenn. 2015) (citing *Spurlock v. Sumner County*, 42 S.W.3d 75, 82 (Tenn. 2001)). *See generally* Tenn. Code Ann. §8-8-201, et seq. (Chapter 8 Sheriffs – Part 2 Powers and Duties); and Tenn Code Ann. §38-3-102 (Duties of Sheriff).

Defendant Unicoi County has admitted in a sworn interrogatory response that Defendant Sheriff Michael Hensley was Unicoi County's official policymaker for all purposes and at all times relevant to this lawsuit.

> INTERROGATORY 4: For the time period of at least January 1, 2012 through the present, identify all relevant Policymaker(s) for Unicoi County and identify each Policymaker's source of policymaking authority (statutory, delegated, etc.), with respect to each of the following topics:
>
> (a) Your general law enforcement official policies, practices, and customs;
> (b) Your law enforcement policies, practices, and customs with respect to mentally disabled individuals; and
> (c) Your law enforcement policies, practice, and customs with respect to juveniles.
>
> ANSWER: With respect to policies generated for the Sheriff's Department, policies would be drafted by Chief Deputy Frank Rogers and approved by Sheriff Mike Hensley.
>
> With respect to policies for the Unicoi County Jail, such policies would be drafted by Karen Knowlton and approved by Sheriff Mike Hensley.

*See* Exhibit 1, Answers of Unicoi County, Tennessee to Plaintiffs' Interrogatory No. 4.

**C. Plaintiffs' Fourth Amended Complaint Alleges that Defendant Sheriff Hensley Directly Committed Unconstitutional Acts and Civil Rights Violations Within His Law Enforcement Policymaker Role.**

The Fourth Amended Complaint makes extensive allegations of constitutional violations that were directly committed by Defendant Sheriff Hensley himself. *See* Fourth Amended Complaint at ¶¶86-88 (alleging that Sheriff Hensley directly engaged in malicious prosecution, manufactured false evidence, and assisted with the destruction of videotape evidence); and ¶¶91-93 (alleging the Sheriff Hensley directly conspiracy to interfere with civil rights and provided

materially false testimony to prosecutors).

Based on these allegations of Sheriff Hensley's direct actions, Claim 5 of the Fourth Amended Complaint alleges a claim against Defendant Sheriff Hensley under 42 U.S.C. §1983 for malicious prosecution of Jerry Puckett. *See* Fourth Amended Complaint at ¶¶126-127. Plaintiffs alleged that Sheriff Hensley was Unicoi County's official policymaker for purposes of Claim 5. *See id.* at ¶132. Unicoi County admitted that Sheriff Hensley was its policymaker in its Answer. *See* Unicoi County Answer to ¶132.

Claim 6 also alleges a claim against Defendant Sheriff Hensley under 42 U.S.C. §1983 based on Sheriff Hensley's own direct constitutional violations (malicious prosecution of George Puckett). *See* Fourth Amended Complaint at ¶¶134-135. Plaintiffs alleged that Sheriff Hensley was Unicoi County's official policymaker for purposes of Claim 6. *See id.* at ¶140. Unicoi County admitted that Sheriff Hensley was its policymaker in its Answer. *See* Unicoi County Answer to ¶140.

Claim 7 also alleges a claim against Defendant Sheriff Hensley under 42 U.S.C. §1983 based on Sheriff Hensley's own direct constitutional violations (falsification and destruction of evidence regarding Jerry Puckett). *See* Fourth Amended Complaint at ¶¶142-145. Plaintiffs alleged that Sheriff Hensley was Unicoi County's official policymaker for purposes of Claim 7. *See id.* at ¶147. Unicoi County admitted that Sheriff Hensley was its policymaker in its Answer. *See* Unicoi County Answer to ¶147.

Claim 11 also alleges a claim against Defendant Sheriff Hensley under 42 U.S.C. §1983 based on Sheriff Hensley's own direct constitutional violations (falsification and destruction of evidence regarding George Puckett). *See* Fourth Amended Complaint at ¶¶167-170. Plaintiffs alleged that Sheriff Hensley was Unicoi County's official policymaker for purposes of Claim 7.

*See id.* at ¶172. Unicoi County admitted that Sheriff Hensley was its policymaker in its Answer. *See* Unicoi County Answer to ¶172.

Claims 3, 8 and 12 of Plaintiffs' Fourth Amended Complaint are claims under 42 U.S.C. §1985 for conspiracy to interfere with civil rights that similarly are based on allegations of Defendant Sheriff Hensley's own direct constitutional violations. *See* Fourth Amended Complaint at ¶¶116-117, ¶¶150-52, and ¶¶175-178.

**D.    Unicoi County Necessarily is Liable For the Unconstitutional Acts and Civil Rights Violations That Were Directly Committed By Unicoi's Official Policymaker.**

Under §1983, a municipality or county government does not face *respondeat superior* liability for the unconstitutional acts of all government employees. Instead, a municipal government is directly liable under §1983 only if the constitutional violations were caused by an official policy, practice, or custom of the municipality itself. *See generally Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978).

Municipalities and county governments are, however, strictly responsible for constitutional violations that are directly committed by the government's official policymaker. "[I]t is well settled that a single act by a decisionmaker possessing final authority to establish municipal policy with respect to the action ordered may suffice in demonstrating that policy of custom." *Stanley v. Macomb County*, 2024 U.S. Dist. LEXIS 4519 at *8, 2024 WL 95673 (E.D. Mich. Jan. 8, 2024) (citing and quoting *Cady v. Arenac County*, 574 F.3d 334, 345 (6th Cir 2009). *See also Praprotnik*, 485 U.S. at 122 ("[A]n unconstitutional policy could be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business.").

In *Heflin v. Stewart County*, for example, a county sheriff was accused of direct constitutional violations for having watched as an onlooker without providing assistance to an

Plaintiffs' Motion for Partial Summary Judgment Against Unicoi County        Page 10

Case 2:23-cv-00123-DCLC-CRW    Document 108    Filed 03/18/25    Page 10 of 14
PageID #: 1271

inmate who hanged himself dead in jail cell. *See Heflin v. Stewart County*, 958 F.2d 709, 711-12 (6th Cir. 1992). The county moved to dismiss the *Monell* claim, arguing that the sheriff's actions were not undertaken pursuant to official county policy. The district court rejected this argument, and the Sixth Circuit affirmed. *See id.* at 717. "This argument overlooks the fact that Sheriff Hicks was the sole policymaker for the conduct of jail officials." *Id.* at 716. The Sixth Circuit held that the sheriff's status as official policymaker, standing alone, was enough to hold the county liable for the sheriff's direct constitutional violations. *See id.* at 717.

Similarly, the Tenth Circuit recently affirmed the county's *Monell* liability for the direct unconstitutional actions of a sheriff who had sexually assaulted a prisoner during a transport. *See Whitson v. Bd. of County Comm'rs of the County of Sedgwick*, 106 F.4th 1063, 1071-72 (10th Cir. 2024). "[W]hen the policymaker is the alter ego of the municipality, liability is appropriate regardless of the miscreant's motives or whether the conduct was within the scope of his employment." *See id.* 1072. "This does not mean that a municipality is liable for all misconduct by a sheriff. If [the sheriff] has raped a customer at a bar after work, there would be no municipal liability. . . . [T]he sheriff must have final policymaking authority with respect to the actions taken." *Id.* "Given that [the sheriff] raped a prisoner in his custody while transporting the prisoner to another jail, the requirement was undoubtedly satisfied." *Id.*

The Eighth Circuit similarly reversed a dismissal of a *Monell* claim against a county where a sheriff was alleged to have manufactured false evidence and to have engaged in a conspiracy to use false evidence for purposes of a malicious prosecution. *See Dean v. County of Gage*, 807 F.3d 931, 935 (8th Cir. 2015). In *Dean*, the Eighth Circuit held that the sheriff's direct participation in the alleged unconstitutional activities was sufficient proof of *Monell* liability because of his role as policymaker. *See id.* at 942-43.

The Fifth Circuit similarly affirmed imposing *Monell* liability on a county government based on a sheriff's unconstitutional acts of sexually assaulting a criminal suspect during the course of a homicide investigation. *See Bennett v. Pippen*, 74 F.3d 578, 585-86 (5th Cir. 1996). "The fact that rape is not a legitimate law enforcement goal does not prevent the Sheriff's act from falling within his law enforcement function." *Id.* at 586. The Fifth Circuit also has affirmed imposition of *Monell* liability for the actions of a sheriff who engaged in fabricating evidence for purpose of malicious prosecution. *See Turner v. Upton County*, 915 F.2d 133, 137 (5th Cir. 1990) ("If proven . . . the sheriff's participation as a coconspirator, constituting as it would an abuse of his authority as the ultimate repository of law enforcement power in Upton County, would render the county liable as well.").

The Sixth Circuit has reached a similar result in other cases. *See, e.g. Moldowan v. City of Warren*, 587 F.3d 351 (6th Cir. 2009) (*Monell* liability for policymaker's failure to disclose exculpatory evidence and destruction of evidence); *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1117 (6th Cir. 1994) (*Monell* liability for unconstitutional retaliatory firing made by official policymaker). *See also Stanley,* 2024 U.S. Dist. LEXIS 4519 at *8 (imposing *Monell* liability for sheriff's retaliatory discharge based on political speech)

These cases unanimously support Plaintiffs' motion for partial summary judgment regarding Unicoi County's *Monell* liability for Defendant Sheriff Hensley's direct unconstitutional acts as alleged in Claims 3, 5, 6, 7, 8, 11, and 12. If Plaintiffs prove that Sheriff Hensley committed these unconstitutional acts, as alleged, then Unicoi County necessarily is liable because Sheriff Hensley is Unicoi County's official policymaker. Summary judgment is appropriate because no further proof of Unicoi County's *Monell* liability is required for these claims.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant this motion and enter an order of partial summary judgment as to Unicoi County's *Monell* liability for any unconstitutional actions that are proved in this case to have been directly committed by Defendant Sheriff Michael Hensley, as alleged in Claims 3, 5, 6, 7, 8, 11 and 12 of Plaintiffs' Fourth Amended Complaint.

**Dated: March 18, 2025**

Respectfully Submitted,

 /s/ *Donald Puckett*
Alexis Tahinci (TN BPR No. 031808)
**TAHINCI LAW FIRM PLLC**
105 Ford Avenue, Suite 3
Kingsport, TN 37663
Phone: (423) 406-1151
Fax: (423) 815-1728
alexis@tahincilaw.com

Donald Puckett (TX State Bar No. 24013358)
   *(admitted pro hac vice)*
Christina Henry (WA State Bar No. 31273)
   *(admitted pro hac vice)*
**DEVLIN LAW FIRM LLC**
1526 Gilpin Ave.
Wilmington, DE 19806
Phone: (302) 449-9010
dpuckett@devlinlawfirm.com

*Attorneys for Plaintiffs*
*Jerry Puckett, Andrew Puckett, and George Puckett*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

 /s/ *Donald Puckett*
Donald Puckett