UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JERRY MICHAEL PUCKETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 2:23-CV-00123-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| UNICOI COUNTY, TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on (1) Judge R. Mitchell Manuel's Restated Motion to Dismiss [Doc. 89] and (2) Plaintiffs' Motion for Partial Summary Judgment Against Defendant Unicoi County, Tennessee [Doc. 108]. Plaintiffs responded to Judge Manuel's Motion [Doc. 105] and Judge Manuel replied [Doc. 106]. Unicoi County responded to Plaintiffs' Motion [Doc. 110]. Accordingly, these motions are ripe and ready for adjudication. For the reasons explained herein, both Judge Manuel's Motion [Doc. 89] and Plaintiffs' Motion [Doc. 108] are **GRANTED**. Judge Manuel's first motion to dismiss [Doc. 79] is **DENIED AS MOOT**.

I.  **BACKGROUND**

Plaintiffs bring claims against local law enforcement officials in Unicoi County and the City of Erwin, Tennessee alleging civil rights violations and intentional discrimination against Andrew Puckett because of his mental health disabilities. The Complaint alleges that there is a conspiracy amongst law enforcement and government officials to drive Andrew out of Unicoi County through malicious criminal prosecutions and abusive law enforcement practices violating Title II of the Americans with Disabilities Act and federal constitutional rights under 42 U.S.C. § 1983 and § 1985. Plaintiffs also bring claims alleging retaliation against Jerry Puckett, Andrew's

brother and legal conservator, and George Puckett, Jerry's son and Andrew's nephew, because they have both provided caretaker assistance and defended Andrew against the criminal charges brought against him.

This Order addresses Plaintiffs' claims and factual allegations relevant to (1) Judge Manuel's Restated Motion to Dismiss [Doc. 89] and (2) Plaintiffs' Motion for Partial Summary Judgment Against Defendant Unicoi County, Tennessee [Doc. 108].

A. **Judge Manuel**

Plaintiffs allege that Judge Manuel is a part of "the conspiracy to use malicious prosecution as a tool to run the Puckett family out of Unicoi County." [Doc. 88, ¶ 76]. Judge Manuel is a Unicoi County General Sessions Court judge and presided over a criminal matter against Jerry Puckett on September 8, 2022, in which the First District Attorney's Office moved to dismiss the aggravated assault charge against Jerry. *Id.* ¶ 56. That same day, Judge Manuel had also signed an Order of Detention for Jerry's son, George, based on Defendant Rogers' Juvenile Delinquent Petition for events that occurred on August 19, 2022. *Id.* ¶ 59. Judge Manuel's Order for Detention charged George with "'Leaving the Scene of an Accident (With Property Damage)' and 'Failure to Stop, Halt, Frisk.'" *Id.* ¶ 61. The charges were later amended to "(1) resisting stop halt frisk under Tenn. Code §39-16-602, (2) failure to make immediate notice of accident with property damage under Tenn. Code §55-10-106, and (3) unlawful operation of off road vehicle on highway and Resisting Stop, Frisk, Halt, Arrest or Search under TN Code §39-16-602." *Id.* ¶ 64 (internal quotations omitted).

Judge Manuel, sitting as a juvenile court judge, presided over the bench trial against George which began on March 13, 2023, and concluded on April 10, 2023. *Id.* ¶ 65. Judge Manuel found that George was guilty of all three criminal charges and scheduled sentencing for May 10, 2023.

*Id.* ¶¶ 66–68. Judge Manuel sentenced George to judicial diversion subject to 90 days on juvenile probation and performing 25 hours of community service. *Id.* ¶ 69. Plaintiffs allege that "Judge Manuel ordered Jerry to take George down the hall to the probation office and immediately sign George up for probation services, even though George had already filed an appeal." *Id.* Jerry and George then went to meet with the probation officer, but they allegedly came to a disagreement regarding an authorization form for the release of information and left the courthouse without signing up for probation services. *Id.* ¶ 70. Plaintiffs claim that "Judge Manuel has refused to enter a final order in George's case," "for the express purpose of preventing any appeal of George's case, and thereby to prevent the misdeeds of himself and others from coming to light." *Id.* ¶ 97.

Plaintiffs allege that after George's sentencing hearing, Jerry "continued to prepare for George's appeal to the Criminal Court" and "requested the audio recordings and/or written transcripts of George's trial from the juvenile justice department and was told that these would be sent to Jerry in the mail." *Id.* ¶ 71. Jerry later called the clerk's office and told them that he would be pick the materials up on June 8, 2023, but when he arrived, he was arrested and taken before Judge Manuel later that afternoon. *Id.* ¶¶ 71–72. Allegedly, Judge Manuel had issued a bench warrant for Jerry's "Failure to Appear" and then convicted Jerry for "Contempt of Court" for Jerry's failure to sign George up for probation services on May 10, 2023. *Id.* ¶ 72. Plaintiffs claim that Judge Manuel sentenced Jerry to ten days incarceration and Jerry was immediately taken to jail without being provided a lawyer during the process. *Id.*

In the instant matter, Plaintiffs served Judge Manuel with a Rule 45 subpoena, and he responded in a letter dated April 5, 2024 discussing the requested discovery materials. *Id.* ¶ 100–01; [Doc. 88-1]. Judge Manuel went on to state, "[i]t should be noted that to this very day, Mr. Puckett has yet to cooperate in signing his son (who was a minor at the time) up for probation,

who has continued to defy this Court's orders for the better part of a year." [Doc. 88, ¶ 101]; [Doc. 88-1].

Jerry and George Puckett bring a claim against Judge Manuel "pursuant to 28 U.S.C. § 2201, seeking prospective declaratory relief" for his "unconstitutional actions" under 42 U.S.C. § 1983. [Doc. 88, ¶ 185]. Plaintiffs contend that Judge Manuel's statement in his response to the Rule 45 subpoena regarding Jerry's failure to sign George up for probation is "an express threat to Jerry that he is under an ongoing threat of arrest at Judge Manuel's whim." *Id.* ¶ 101. Plaintiffs claim that "Judge Manuel's letter represents an ongoing scheme to target and harass Jerry Puckett and George Puckett, and an ongoing violation of Jerry Puckett's due process rights, particularly given Judge Manuel's active efforts to ensure that no appeal of George's case is ever heard." *Id.* They also claim that "Judge Manuel's actions have left George in legal limbo, where he remains subject to further judicial action without recourse to appellate review" because he "obstructed all attempts to appeal the contempt finding by failing to consider Jerry's motion to set aside Defendant Manuel's incarceration order and failing to issue an appealable order." *Id.* ¶¶ 187–88. "Plaintiffs seek a declaratory judgment finding that Judge Manuel's implicit threat of incarceration or punishment in his April 5, 2024 letter, in the context of his past and ongoing denial of each Plaintiffs' appellate rights for Defendant Manuel's previous orders, amounts to an ongoing infringement of each Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983." *Id.* ¶ 193.

Plaintiff's original Complaint filed on September 7, 2023 does not assert any claims against Judge Manuel and states that "Judge Manuel is not joined in this lawsuit due to his judicial immunity." [Doc. 1, ¶ 67]. Plaintiffs added Judge Manuel as a defendant in the Third Amended Complaint filed on October 2, 2024 which sought prospective injunctive relief against Judge Manuel. [Doc. 54, ¶¶ 17, 184–91]. Judge Manuel filed a motion to dismiss all claims asserted

against him. *See* [Doc 79]. Plaintiffs then filed a Fourth Amended Complaint [Doc 88] "to ensure that proper relief is requested in the Fourth Amended Complaint in light of certain case authorities cited in Defendant Manuel's motion to dismiss." [Doc. 83, pg. 2]. In their Fourth Amended Complaint, Plaintiffs seek declaratory relief rather than injunctive relief against Judge Manuel under the Declaratory Judgment Act, 28 USC § 2201. [Doc. 88, ¶ 185]. Judge Manuel then filed a restated motion to dismiss. [Doc. 89].

### B. Unicoi County, Tennessee

Plaintiffs bring claims 3, 5, 6, 7, 8, 11, and 12 in the Fourth Amended Complaint against Unicoi County, Tennessee [Doc. 88, ¶¶ 115–19, 126–53, and 167–79] and seek to establish it "necessarily is liable for the constitutional violations and civil rights injuries that Plaintiffs prove in this case were committed directly by Sheriff Hensley." [Doc. 108, pgs. 1–2]. Plaintiffs clarify that their motion for partial summary judgment against Unicoi County only applies to claims 3, 5, 6, 7, 8, 11, and 12 asserted under 42 U.S.C. § 1983 and § 1985 that allege constitutional violations committed by Defendant Sheriff Hensley, not claims 1, 2, 4, 9, 10, 13, or 14. *Id.* pg. 2 n.1.

## II. ANALYSIS

### a. Judge Manuel

Judge Manuel raises several arguments why Plaintiffs' claims against him should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* [Doc. 89]. Judge Manuel asserts that the claims should be dismissed because they (1) are barred by the doctrine of judicial immunity; (2) fail to state a claim for declaratory relief; (3) are barred by the *Rooker-Feldman* doctrine of abstention; (4) are barred by the *Younger* abstention doctrine; (5) fail to allege a case or controversy sufficient to satisfy the requirements of Article III of the U.S. Constitution; (6) fail to allege standing; and (7) are barred by the one-year statute of

limitations under Tennessee law. *See id.* The Court need not address each of Judge Manuel's arguments because it concurs that Plaintiffs' claims against Judge Manuel are barred by the statute of limitations and must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

A motion to dismiss under Rule 12(b)(6) requires courts to construe the complaint in the light most favorable to the plaintiff and accept its factual allegations as true. *Meador v. Cabinet for Hum. Res.*, 902 F.2d 474, 475 (6th Cir. 1990). To survive dismissal, the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### i. Statute of limitations

"Actions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). The parties agree that in Tennessee a one-year statute of limitations applies to actions for personal injury or actions brought under 42 U.S.C. § 1983. *See* [Doc. 90, pgs. 13–15]; [Doc. 84, pgs. 18–19]; *Morgan v. Cureton*, 805 F.2d 1035 (6th Cir. 1986) ("A section 1983 action is analogous to an action for personal injury, and in the state of Tennessee, must be brought within one year of the injury's occurrence."); T.C.A. § 28–3–104. The parties disagree, however, on when Plaintiffs' cause of action against Judge Manuel accrued under federal law.

"The date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury

which is the basis of his action." *Trzebuckowski*, 319 F.3d at 856 (citations omitted). "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Id.*

Judge Manuel asserts that "Plaintiffs do not allege that Judge Manuel took any injurious action against them after May 10, 2023," the date in which George Puckett was sentenced to a judicial diversion program. [Doc. 90, pg. 14]. That would mean any claims against Judge Manuel must have been brought before May 10, 2024, but Judge Manuel was not added as a defendant until October 30, 2024 in the Third Amended Complaint. *See id.*; [Doc. 54, ¶ 17]. Plaintiffs contend, however, that their "claim for declaratory relief arises from Defendant Manuel's April 5, 2024 letter" and therefore the claims filed against Judge Manuel on October 30, 2024 were well within the one-year statute of limitations. [Doc. 84, pg. 19].

Plaintiffs' argument that the statute of limitations began to run from the date of Judge Manuel's letter response to their Rule 45 subpoena is unavailing. In the letter dated April 5, 2024, Judge Manuel references George Puckett's sentence stating "[i]t should be noted that to this very day, Mr. Puckett has yet to cooperate in signing his son (who was a minor at the time) up for probation, who has continued to defy this Court's orders for the better part of a year." [Doc. 88, ¶ 189]; [Doc. 88-1]. The date on which the statute of limitations began to run was the date of George Puckett's sentencing, October 30, 2024, because as of that date Plaintiffs knew of any alleged injury and were alerted to protect their rights. The April 5, 2024 letter did not alert Plaintiffs to a separate injury but rather references George's prior sentence and the fact that it remained unresolved.

    ii.    **Continuing violation doctrine**

In the alternative, Plaintiffs claim that even if Judge Manuel's letter were not sent within

the statute of limitations, "Plaintiffs' allegations would satisfy the 'continuing violation' doctrine given the ongoing and continuous harm that Defendant Manuel's threat of future [] punishment causes to Plaintiffs every day." [Doc. 84, pg. 19]. The Sixth Circuit has recognized "continuing violations as falling into two categories of narrowly limited exceptions" to the general rule that the statute of limitations accrues at the time of the original act. *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991) (quotations omitted). The continuing violation doctrine applies only in limited circumstances—mostly confined to the Title VII context. *See Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 257 (6th Cir. 2014) (citation omitted) ("Courts have been 'extremely reluctant' to extend the continuing-violation doctrine beyond the context of Title VII.").

The first category of the continuing violation doctrine arises where "there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation." *Dixon*, 928 F.2d at 216. The limitations period begins to run, however, "in response to discriminatory *acts* themselves, not in response to the continuing *effects* of past discriminatory acts." *Id.* "Furthermore, "[p]assive inaction does not support a continuing violation theory." *Eidson*, 510 F.3d at 635. Plaintiffs' contention that Judge Manuel's letter satisfies the continuing violation theory because of the threat of harm and future punishment is also unavailing. The letter referencing George's sentence and the consequences of failing to comply with that court order are "continual ill effects from an original violation" not a continual unlawful act. *Id.* (finding that any harmful effects resulting from actions allegedly taken by the state agencies after the juvenile court proceeding were appropriately characterized as "continuing ill effects," which did not make out a continuing violation).

The second category of the continuing violation doctrine arises where there is "a long-standing and demonstrable policy of discrimination." *Dixon*, 928 F.2d at 217 (quotations omitted).

8
Case 2:23-cv-00123-DCLC-CRW   Document 135   Filed 09/26/25   Page 8 of 10
PageID #: 1388

To establish this type of violation, a plaintiff must allege "intentional discrimination against the class of which the plaintiff was a member." *Sharpe v. Cureton*, 319 F.3d 259, 269 (6th Cir. 2003) (quotations omitted). Here, Plaintiffs have not alleged class-wide discriminatory conduct.

Judge Manuel's April 5, 2024 letter does not constitute a continuing violation and thus Plaintiffs' claim against Judge Manuel is barred by the statute of limitations and is **DISMISSED**.

b.      **Unicoi County**

Plaintiffs move the Court for partial summary judgment against Defendant Unicoi County, Tennessee. [Doc. 108]. Under Federal Rule of Civil Procedure 56(a), summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiffs seek to establish that if Plaintiffs can prove Sheriff Hensley committed the unconstitutional acts alleged in claims 3, 5, 6, 7, 8, 11, and 12, then Unicoi County is liable because Sheriff Hensley is Unicoi County's official policy maker. [Doc. 108, pg. 12]. Plaintiffs contend that partial summary judgment is appropriate for claims brought under 42 U.S.C. § 1983 where a party can present sufficient undisputed proof of a municipal party's *Monell* liability. *Id.* at 7.

A municipality is only responsible for their own illegal acts but may be held liable under § 1983 where the challenged conduct occurs pursuant to "a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)). It has been established that "[a] single act by a decisionmaker possess[ing] final authority

to establish municipal policy with respect to the action ordered may suffice in demonstrating that policy or custom." *Cady v. Arenac County*, 574 F.3d 334, 345 (6th Cir. 2009) (quotations omitted).

In its response, Unicoi County agrees that "Sheriff Hensley was the final policymaker for Unicoi County related to law enforcement matters" and "to the extent that any plaintiff proves at trial that Sheriff Hensley, in his individual capacity, violated that plaintiff's constitutional rights as alleged in Claims 3, 5, 6, 7, 8, 11, and/or 12, then that plaintiff would be relieved from proving municipal liability at trial as to that claim." [Doc. 110, pgs. 1–2].

In light of the parties' agreement, and because there exists no genuine issue of material fact, Plaintiffs' Motion for Partial Summary Judgment against Unicoi County, Tennessee [Doc. 108] is hereby **GRANTED**.

## III. CONCLUSION

For these reasons, Judge Manuel's Motion to Dismiss [Doc. 89] and Plaintiffs' Motion for Partial Summary Judgment against Unicoi County, Tennessee [Doc. 108] are **GRANTED**. Judge Manuel's first motion to dismiss [Doc. 79] is **DENIED AS MOOT**.

**SO ORDERED:**

                s/Clifton L. Corker
                United States District Judge